J-S26026-18

2018 PA Super 207

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LYNN PRESLEY :
:
Appellant : No. 927 EDA 2017

Appeal from the PCRA Order March 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1113641-1998,
CP-51-CR-1113831-1998

BEFORE: BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

OPINION BY BOWES, J.: **FILED JULY 17, 2018**

Lynn Presley appeals from the order that dismissed his petition filed

pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

This Court offered the following summary of the case history in deciding

Appellant's direct appeal.

> This matter arises out of Appellant's involvement in two
> separate criminal cases in Philadelphia County. At CP-51-CR-
> 1113641-1998, Appellant pleaded guilty to robbery, terroristic
> threats, simple assault, and contempt of court. At CP-51-CR-
> 1113831-1998, he pleaded guilty to theft by unlawful taking,
> simple assault, and contempt of court. On January 7, 2000, the
> Honorable Tama Myers Clark sentenced Appellant to an aggregate
> term of eleven and one-half months to twenty-three months of
> incarceration followed by five years of reporting probation.
> Appellant was granted immediate parole.
>
> Due to technical violations of Appellant's probation
> requirements (failing to report to his probation officer and not
> undertaking anger management therapy), Judge Myers Clark
> revoked his probation at a violation of probation ("VOP") hearing
> on March 30, 2001. Notwithstanding the Commonwealth's claim

---

\* Former Justice specially assigned to the Superior Court.

that Appellant failed to cooperate while on probation, Judge Myers Clark resentenced him to the same term of eleven and one-half months to twenty-three months of incarceration followed by five years of reporting probation.

Based on an undercover police investigation from October 8, 2004 until December 21, 2004, Appellant was charged in Montgomery County on March 1, 2005, with multiple theft crimes (CR-103-05). Six months later at a bench trial on September 13, 2005, the Honorable Felice Stack of Philadelphia County found Appellant guilty of various drug charges and conspiracy (MC-0411-1574-2005). Due to Appellant's intervening criminal conduct, Judge Myers Clark held a VOP hearing on November 16, 2005, where she heard testimony regarding the Montgomery County charges and the Philadelphia County drug offenses. N.T., 11/16/05, 24-45. Noting this was Appellant's second VOP hearing, Judge Myers Clark revoked Appellant's probation and sentenced him to an aggregate term of twelve years to twenty-four years of incarceration, plus a $55,000.00 fine.

Appellant filed a timely post-sentence motion for reconsideration on November 28, 2005. Judge Myers Clark granted the motion and vacated the November 16, 2005 sentence. Following numerous continuances requested by Appellant in order to [ultimately unsuccessfully] negotiate a deal with the Montgomery County District Attorney, Judge Myers Clark conducted a hearing on December 6, 2006, to reconsider Appellant's revocation of probation sentence. At the reconsideration hearing, the Commonwealth explained that it would *nolle prosse* Appellant's drug convictions "in favor of judicial economy" if Judge Myers Clark decided to re-impose the November 16, 2005 sentence. After hearing argument from counsel and Appellant's statement, Judge Myers Clark re-imposed the November 16, 2005 sentence of twelve years to twenty-four years of incarceration plus a fine. On the same day, the Commonwealth *nolle prossed* Appellant's drug convictions. Appellant did not file post-sentence motions or a direct appeal.

Eight months later, on August 9, 2007, Appellant filed a petition pursuant to the [PCRA] seeking reinstatement of his post-sentence and direct appeal rights *nunc pro tunc* because counsel failed to file post-sentence motions or a direct appeal from the December 6, 2006 sentence. Appointed counsel filed an amended petition on July 7, 2008, and a supplement to the amended

petition on October 15, 2008.  The PCRA court[, Judge Denis P. Cohen,] reinstated Appellant's direct appeal rights *nunc pro tunc* on February 4, 2011.

***Commonwealth v. Presley***, 48 A.3d 482 (Pa.Super. 2012) (unpublished memorandum) (citations and footnotes omitted), *appeal denied*, 51 A.3d 838 (Pa. 2012).

In his subsequent *nunc pro tunc* direct appeal, Appellant sought review of the discretionary aspects of his sentence, contending that it was harsh and excessive and that Judge Meyers Clark did not consider any of the relevant sentencing factors or explain the reasons for the sentence.  ***Id***. (unpublished memorandum at 4-5) (citing Appellant's brief).   Judge Cohen agreed that resentencing was warranted because the VOP court failed "to give any reasons for imposing the statutory maximum sentence after revoking probation."  Trial Court Opinion, 6/30/11, at 11 (citing ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa.Super. 2003)).   The trial court "respectfully recommend[ed] that [Appellant's] sentence be vacated and the matter remanded for imposition of a new sentence." ***Id***. at 8.

This Court declined to grant the relief urged by the trial court, holding instead that Appellant failed to preserve the claims.  Specifically, we found that the issues were not initially raised with the VOP court at the December 6, 2006 resentencing hearing or in a post-sentence motion.  ***Presley***, ***supra*** (unpublished memorandum at 7). Therefore, this Court affirmed Appellant's judgment of sentence, but indicated that its ruling was "without prejudice to

- 3 -

his rights under the PCRA to allege trial counsel's ineffectiveness in failing to file a post-sentence motion." ***Id***. (unpublished memorandum at 8).

Appellant responded by filing the PCRA petition that is the subject of the instant appeal. In his petition, as amended by his counsel who was appointed pursuant to Pa.R.Crim.P. 904(C), Appellant claimed that his VOP counsel was ineffective in failing to file a motion for reconsideration of sentence. Amended PCRA Petition, 7/21/16, at 9-14. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed no response, and the PCRA court dismissed the petition by order of March 7, 2017.[1]

On March 28, 2017, an order directing Appellant to file a concise statement of errors complained of on appeal within twenty-one days was filed and served. Counsel did not timely comply by April 18, 2017. On May 4, 2017, counsel filed a motion for extension of time to file the statement, averring therein that he was unable to file the statement because he had been out of the country. Motion for Extension, 5/4/17, at ¶ 2. The PCRA court did not rule upon the motion. Rather, counsel filed a late statement, without leave to do so, on May 11, 2017. In its subsequent Rule 1925(a) opinion, the PCRA court suggested that waiver should result from Appellant's failure to timely comply. However, it addressed the merits of Appellant's claim of VOP

_____

[1] We gather from the docket that the delay between the filing in 2012 and disposition in 2017 of Appellant's petition is attributable to a change of counsel, the filing of amended petitions, and Appellant's litigating a 2013 petition in Commonwealth Court.

- 4 -

counsel's ineffectiveness "[i]n the interest of thoroughness." PCRA Court Opinion, 6/27/17, at 6 n.17.

Appellant presents the following questions for this Court's review.

I.     Whether the PCRA court erred in ruling the issues in this appeal were waived for failure to timely file under Pa.R.A.P. 1925(b).

II.    Whether the [PCRA] court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding violation of parole (VOP) counsel's ineffectiveness.

III.   Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's brief at 8 (unnecessary capitalization omitted).

We first consider whether Appellant has waived review of his claim by failing to timely file a Rule 1925(b) statement as ordered by the PCRA court. By the express terms of Rule 1925, all issues not properly raised in a court-ordered concise statement are waived. Pa.R.A.P. 1925(b)(4)(vii).

Rule 1925 was amended in 2007 to add provisions for remand in certain circumstances. Subsection (c)(3) now provides: "If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). An attorney's failure to file and serve a timely 1925(b) statement in a criminal case "is a failure to perfect the appeal, it is presumptively

prejudicial and 'clear' ineffectiveness." Pa.R.A.P. 1925, *Note* (citing, *inter alia*, ***Commonwealth v. West***, 883 A.2d 654, 657 (Pa.Super. 2005)). Accordingly, in criminal cases, remand, not waiver, results from the late filing of a statement, unless the trial court addressed the issues raised in a late-filed statement.[2] In those circumstances, no remand is necessary, and this Court may address the merits of issues. ***See Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa.Super. 2012).

"The purpose of the PCRA is to provide an action for 'persons convicted of crimes they did not commit and persons serving illegal sentences' to obtain relief." ***Commonwealth v. Haag***, 809 A.2d 271, 284 (Pa. 2002) (quoting 42 Pa.C.S. § 9542). However, "[t]he PCRA system is not part of the criminal proceeding itself, but is, in fact, civil in nature." ***Id***. Consequently, we must decide whether the instant appeal from an order denying PCRA relief is "a criminal case" or a "civil case" for purposes of subsection (c) of the Rule.

While both our Supreme Court and this Court have in published decisions opined about the applicability of the subsection (c)(3) criminal-case remand procedure in a PCRA appeal, the issue was not actually necessary to the holding in either case. In ***Commonwealth v. Hill***, 16 A.3d 484 (Pa.

---

[2] Subsection (c)(2) offers a different procedure in civil cases, allowing an appellate court to remand for the *nunc pro tunc* filing of a statement, or the amendment or supplementation of a statement, upon application of the appellant and for good cause shown. Pa.R.A.P. 1925(c)(2). No such application was made in the instant case.

2011), our Supreme Court suggested that, because of the civil nature of PCRA proceedings, the remand procedure of subsection (c)(3) should not apply when it is PCRA counsel rather than direct appeal counsel who fails to comply with a 1925(b) order. *Id*. at 495 n.14. However, because the pre-2007-amendment version of the Rule was at issue in that case, the Court's musings on the subject were *dicta*.

More recently, this Court suggested, albeit also in *dicta*, that subsection (c)(3) applies when PCRA counsel fails to file a timely 1925(b) statement as a remedy to the *per se* ineffectiveness of PCRA counsel. **Commonwealth v. Oliver**, 128 A.3d 1275, 1279 (Pa.Super. 2015) ("Had [Oliver's] counsel been solely responsible for the failure to file a Rule 1925(b) statement on [Oliver's] behalf, [he] would have been entitled to a remand for the filing of a Rule 1925(b) statement pursuant to Rule 1925(c)(3).").

There being no precedential pronouncement to guide our resolution of the issue, we opt to follow the more recent *dicta*, and hold that a PCRA appeal is a "criminal case" for purposes of Pa.R.A.P. 1925(c). Although the PCRA proceedings are civil, they nonetheless involve a collateral attack upon a judgment of sentence imposed in a criminal case. Further, PCRA proceedings are governed by the Rules of Criminal Procedure, not the Rules of Civil Procedure. **See** Pa.R.Crim.P. 900-910. We see no reason not to continue viewing PCRA proceedings as criminal for the purpose of the Rules of Appellate Procedure.

Moreover, the Rules of Criminal Procedure give a petitioner "the right to effective assistance of counsel during the first PCRA petition," *Haag*, *supra* at 284, a right not implicated by counsel's failure to comply with Rule 1925(b) in a civil case. Application of subsection (c)(3) in PCRA cases is consistent with post-*Hill* decisions acknowledging that the rule-based right to effective assistance of PCRA counsel is enforceable if properly raised. *See* Pa.R.Crim.P. 904(F)(2) (providing the appointment of counsel is effective throughout the PCRA proceedings, including any appeal); *Commonwealth v. Rykard*, 55 A.3d 1177, 1191 (Pa.Super. 2012) (addressing merits of claim that PCRA counsel rendered ineffective assistance where the appellant followed the proper procedure to preserve this issue for this Court's review).

Applying our holding to the instant appeal, we conclude that PCRA counsel in the case *sub judice* was *per se* ineffective in failing to file the court-ordered 1925(b) statement in a timely fashion. As the PCRA court addressed the merits of the claim of error Appellant included in his late-filed statement, "we need not remand and may address the merits of the issues presented." *Thompson*, *supra* at 340. Therefore, we shall proceed to review the substance of Appellant's contention that the PCRA court erred in dismissing his claim that VOP counsel was ineffective in failing to preserve his challenge to the discretionary aspects of his sentence.

We begin with our standard of review. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must

determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted).

Appellant contends that VOP counsel was ineffective in failing to preserve his discretionary-aspects-of-sentencing claim for appellate review. The following legal principles apply to our assessment of Appellant's claim.

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> > To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa.Super. 2017) (citations and quotation marks omitted).

The PCRA court concluded that Appellant failed to plead facts establishing the prejudice prong of his claim. PCRA Court Opinion, 6/27/17, at 7. Based upon different reasoning, we agree. ***See Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa.Super. 2009) ("[W]e may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm.").

We find our review of this matter informed by our Supreme Court's decision in **Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007). In that case, Reaves pled guilty to burglary and other crimes and received a sentence of county imprisonment followed by probation. After Reaves failed to report to his probation officer or to pay restitution, the VOP court revoked the probation and sentenced Reaves to a term of four to eight years imprisonment. Reaves made no objection to the sentence at the VOP hearing and did not file a motion to modify. **Id**. at 1121-22. On appeal to this Court, Reaves claimed that the VOP court erred in not stating its reasons for the sentence, and that the sentence was excessive. This Court affirmed, holding that the VOP court was not required to state reasons for deviating from the sentencing guidelines because they are not applicable to VOP sentences, and that Reaves waived his excessiveness claim because he did not raise it in the VOP court. **Id**. at 1122-23.

In a subsequent PCRA petition, Reaves claimed that VOP counsel was ineffective in failing to preserve the claims that his sentence was excessive and that the VOP court failed to state the reasons for its sentence on the record. The PCRA court dismissed the petition, indicating that Reaves could not show prejudice because the court, "speaking as the actual VOP sentencing judge," would not have changed his sentence if the claims had been raised. **Id**. at 1123. This Court reversed and remanded for resentencing, finding that VOP counsel's inaction "defaulted a legitimate challenge to the discretionary

aspects of [Reaves's] sentence: namely, a claim that the VOP court failed to comply with Pa.R.Crim.P. 708's requirement that "[t]he judge shall state on the record the reasons for the sentence imposed." Pa.R.Crim.P. 708(D)(2).[3] This Court further determined that counsel lacked a reasonable basis for the inaction "because it limited [Reaves's] options on appeal," and it caused prejudice "because counsel effectively waived [Reaves's] right to challenge this issue on appeal." *Reaves*, *supra* at 1123 (internal quotation marks omitted). Therefore, since the VOP court did not state the reasons for its sentence, this Court remanded for resentencing without addressing, *inter alia*, VOP counsel's failure to raise an excessiveness claim.

Our Supreme Court reversed. The Court stated that Rule 708's requirement that the VOP judge state on the record the reasons for its sentence "is not an end in itself, at least for purposes of a collateral attack." *Id*. at 1129. Rather, it is "a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal." *Id*. If a contemporaneous objection were made and the VOP court nonetheless refused to explain its reasoning, the proper remedy on direct appeal would be to remand for a new sentencing hearing at which the court complies with Rule 708(D)(2). *Id*. at 1129-30.

---

[3] At the time *Reaves* was decided, this requirement was found at Pa.R.Crim.P. 708(C)(2). It was moved to (D)(2) when the Rule was amended in 2013.

However, when the issue is waived on direct appeal because no objection was made in the VOP court, the defendant must show that he was prejudiced by counsel's failure to object.

Importantly, the Court held that, in the context of counsel's failure to raise a Rule 708(D)(2) objection, the "proper initial focus in assessing prejudice is upon the proceeding where counsel defaulted in the objection," not upon the outcome of appeal taken from the sentence. *Id*. at 1132. The Court explained:

> Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in obviating appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions. Whether VOP counsel can be deemed ineffective, then, depends upon whether appellee has proven that a motion to reconsider sentence, if filed (or more properly, a Rule 708 objection forwarded at the hearing itself), would have led to a different and **more favorable outcome at VOP sentencing**. In this context, the only way the proceeding would have been more favorable would be if counsel's objection **secured a reduction in the sentence**.

*Id*. at 1131-32 (emphases added). The Court concluded that the record did not support a finding that "if only counsel had asked for a statement of reasons for the sentence at the VOP proceeding, that statement of explanation alone would have led the court to reduce the sentence as well." *Id*. at 1132. Therefore, the Superior Court erred in granting PCRA relief based upon the claim that counsel was ineffective in failing to raise a Rule 708(D)(2) objection to the VOP court's lack of an explanation for its sentence. The High Court thus reversed this Court's order vacating the sentence and remanding for

- 12 -

resentencing, and remanded for this Court to consider Reaves's other claims of ineffective assistance of VOP counsel. *Id*. at 1133.

In the instant case, Appellant, like Reaves, claimed that VOP counsel was ineffective in failing to object to the VOP court's failure to state the reasons for its sentence. Appellant's brief at 19-20. Appellant complains that the VOP court, upon revoking probation, "moved immediately to imposing the maximum sentence after arguments were concluded without making even a passing reference to any of the variety of factors." *Id*. at 20.

Appellant relies upon this Court's decision in *Parlante*, *supra*, in which we vacated the VOP sentence and remanded for resentencing based upon the VOP court's failure to state reasons to justify the sentence imposed. However, *Parlante* was a direct appeal from the VOP sentence, not a collateral attack on the sentence. It is *Reaves*, not *Parlante* that provides the proper focus of our review of the claim that counsel was ineffective in failing to object to the VOP court's failure to state its reasons for the sentence on the record, i.e., whether such an objection would have "secured a reduction in the sentence." *Reaves*, *supra* at 1132.

As in *Reaves*, Appellant has not pled facts to support a finding that "if only counsel had asked for a statement of reasons for the sentence at the VOP proceeding, that statement of explanation alone would have led the court to reduce the sentence as well." *Id*. Therefore, we conclude that the PCRA court

properly dismissed without a hearing Appellant's claim that counsel was ineffective in not raising a Rule 708(D)(2) objection.

Appellant also contends that counsel was ineffective in not filing a post-sentence motion challenging the discretionary aspects of the sentence, and thus failing to preserve for appellate review the claim that his sentence was unduly harsh and excessive. Appellant's brief at 19. He argues that the claim would have raised a substantial question for this Court's review on direct appeal had counsel preserved it by objecting at the 2006 sentencing hearing or in a post-sentence motion.[4] *Id*. at 20.

_____

[4] The record reveals that Appellant actually did raise the claim that his sentence was excessive in the post-sentence motion that prompted the VOP court to vacate the original sentence of twelve to twenty-four years imprisonment and hold the subsequent resentencing hearing in 2006. Motion for Post-Sentence Relief, 11/28/05, at ¶ 10. Thus, to the extent that this Court held that Appellant's excessiveness claim had to be re-raised either at the 2006 hearing or in another post-sentence motion filed after the VOP court re-imposed the same term of imprisonment, the holding was clearly erroneous. **See** Pa.R.Crim.P. 708, *Comment* ("Once a sentence has been modified or re-imposed pursuant to a motion to modify sentence[,] a party wishing to challenge the decision on the motion does not have to file an additional motion to modify sentence in order to preserve an issue for appeal, as long as the issue was properly preserved at the time sentence was modified or re-imposed."). However, because we conclude that it is not reasonably likely that Appellant would have succeeded if this Court had considered the merits of his sentencing challenge, no manifest injustice resulted from the error, and we may not disturb the prior ruling. **See Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) (explaining that, under the doctrine of law of the case, a question decided by an appellate court may not be altered on a second appeal to that same court unless, *inter alia*, "the prior holding was clearly erroneous and would create a manifest injustice if followed").

Whether the focus of the inquiry is upon the outcome of the sentencing hearing or the outcome of the direct appeal, we conclude that Appellant has not pled facts to establish the prejudice prong of his claim. First, it is apparent from the record that it is not reasonably likely that Appellant would have obtained a more favorable result in the VOP court if counsel had filed a new motion claiming that the sentence was unduly harsh and excessive: the VOP court had just re-imposed a twelve-to-twenty-four-year sentence at the resentencing hearing that resulted from Appellant's prior motion contending that a sentence of twelve to twenty-four years was excessive. Expecting the same action to yield different results is the very definition of irrational.

Moreover, Appellant has not shown that he was reasonably likely to obtain a more favorable result on direct appeal to this Court if his excessiveness claim had been preserved.[5] We begin by observing that, while a trial court has broad discretion in its initial sentencing, the length of a VOP sentence "rests peculiarly within the discretion of the VOP judge." **Reaves**, **supra** at 1131 n.12. "[S]entencing guidelines do not apply to sentences imposed as a result of probation or parole revocations." **Commonwealth v.**

---

[5] As noted above, Judge Cohen, in Appellant's *nunc pro tunc* direct appeal, did opine that Appellant's 2006 VOP sentence should be vacated and the case remanded for resentencing. **See** Trial Court Opinion, 6/30/11, at 9. However, that conclusion was based upon Judge Meyers Clark's failure to state her reasons for the sentence on the record, not upon a finding of excessiveness. For the reasons discussed above in connection with **Commonwealth v. Reaves**, 923 A.2d 1119, 1129-32 (Pa. 2007), Judge Cohen's opinion does not aid Appellant in establishing prejudice.

*Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001). Instead, a VOP sentencing court "is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014). The rationale for this difference is that a "convicted defendant released into the community under such control of the sentencing judge, who violates the terms of his release[,] thereby betrays the judge's trust." *Reaves*, *supra* at 1131 n.12. Further, "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." *Pasture*, *supra* at 28.

Here, Appellant betrayed that trust not once, but twice. When he violated probation the second time by selling drugs, Appellant showed no acknowledgement of wrongdoing, let alone remorse. Rather, at the 2005 sentencing hearing, Appellant further offended the VOP court with an explicit outburst, N.T. Sentencing, 11/16/05, at 60 ("How she gonna give me all this fucking time?"), and then utilized his right of allocution to bicker with the judge and complain at length about the extended probationary sentence that the judge imposed the first time Appellant violated probation. *Id*. at 65-69.

Nonetheless, the VOP court granted Appellant's motion for reconsideration and vacated the sentence of twelve to twenty-four years in order, as the Commonwealth explained, for Appellant to "enter into negotiations with Montgomery County on his other open [b]ills for the theft of

. . . motorcycles and vans" to show willingness "to cooperate and take responsibility" for his actions. N.T. Sentencing, 12/6/06, at 6. Had Appellant demonstrated that good faith, the Commonwealth would have agreed to recommend a substantial reduction in Appellant's sentence. *Id*. at 8. However, despite the VOP court's grant of a lengthy continuance, no deal was negotiated, and the Commonwealth asked the VOP court to resentence Appellant to the initially-imposed term of twelve to twenty-four years.[6]

Appellant's counsel presented an argument for a lesser sentence, seeking an opportunity for Appellant, who had been incarcerated for over a year awaiting resentencing, to have another chance, and asking the VOP court to show mercy. *Id*. at 17-20. Appellant, undermining his counsel's efforts, again exercised his right of allocution by grumbling about the additional probation time he was given in 2001 after his first violation, and by questioning whether counsel had challenged that sentence as Appellant had asked. *Id*. at 23-26. Upon consideration of the arguments, the VOP court again imposed a term of twelve to twenty-four years imprisonment.

Appellant has pointed to nothing that causes us to conclude that the sentence was an abuse of the "peculiar" discretion granted to the VOP court.

---

[6] At the resentencing hearing, the Commonwealth did offer to withdraw the drug charges that led to the second revocation of Appellant's probation, "in favor of judicial economy," if the VOP court re-imposed the initial sentence. N.T. Sentencing, 12/6/06, at 7. In accordance with the representation, the charges were subsequently withdrawn.

***Reaves***, ***supra*** at 1131 n.12. Appellant showed no remorse for his repeated criminal activity. Rather, he was merely upset that he was still on probation at the time he re-offended. With the number of times Appellant appeared before the trial court, it was well aware of Appellant's character, circumstances, and potential for rehabilitation (or lack thereof). ***See Pasture***, ***supra*** at 28 ("When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant."). ***See also*** N.T. Sentencing, 12/6/06, at 15 ("[F]or the record," stated the Commonwealth, "the merits of this case have been discussed on numerous occasions, starting back with the actual violation hearing, the reconsideration of sentence, the deferred sentencing date, so at this point, . . . we have heard all of the arguments on the reconsideration[.]")

Given the facts and history of this case, the VOP court's familiarity with Appellant, and the highly-deferential standard of review, we simply cannot conclude that the VOP court abused its discretion in imposing the statutory maximum sentence. ***See***, ***e.g.***, ***Commonwealth v. Sierra***, 752 A.2d 910, 915 (Pa.Super. 2000) (finding no abuse in VOP court's discretion in imposing statutory maximum sentence of five to twenty years imprisonment based upon technical violations, where the record showed the judge's "in-depth knowledge of this individual, that parole and probation were ineffective in rehabilitating her, and that further incarceration of this degree was

appropriate"). Accordingly, Appellant cannot show that he was prejudiced by counsel's failure to file a post-sentence motion, and his PCRA petition was properly dismissed.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/18