**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3011
_____

FRANK E. ANDREW,
                    Appellant

v.

TODD BUSKIRK; FRANK LONGENBACH; ROBIN STANLEY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-16-cv-03851)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2018
_____

Before: GREENAWAY, JR., RESTREPO and BIBAS, *Circuit Judges*.

(Opinion Filed:  November 19, 2018)
_____

OPINION*
_____

RESTREPO, *Circuit Judge*.


_____

  * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellant Frank Andrew claims that several Pennsylvania prison officials violated his constitutional rights by detaining him past the expiration of his maximum term of imprisonment. The District Court found that no such over-detention occurred and that the officials were entitled to summary judgment on the claims. We will affirm.

**I**

Because we write principally for the parties, we set out the facts only as needed for the discussion below. From 2010 to 2014, Andrew served several jail sentences in three Pennsylvania counties for separate state offenses and parole violations. *See Andrew v. Buskirk*, No. 16-3851, 2017 WL 3485872, at *1–2 (E.D. Pa. Aug. 14, 2017.

In September 2010, Andrew was sentenced to a term of 11 ½ to 23 months in Bucks County jail. In February 2011, Andrew was sentenced on separate charges to a term of 11 ½ to 23 months in Northampton County jail with an order that this sentence run concurrently with the Bucks County sentence. After completing the minimum of his sentence in Northampton County, Andrew was paroled and sent to Bucks County to complete the minimum of his sentence there. He was paroled one month later, in September 2011.[1]

On June 5, 2012, Andrew was arrested and detained in Bucks County jail on new charges. He pled guilty and was sentenced to time served and a two-year term of probation.

---

[1] Andrew was also sentenced to an undisclosed term of imprisonment in Montgomery County jail around the same time that he was sentenced in Bucks and Northampton Counties. His Montgomery County sentence also ran concurrent to the other two sentences, and would later become the grounds for his recommitment on a parole violation. However, Andrew's time served in Montgomery County has no bearing on the claims before us, so we will not belabor the details.

2

Although Andrew was not sentenced to any additional period of incarceration, he still had pending parole violation hearings in Bucks and Northampton Counties, and therefore remained detained in Bucks County jail even after being sentenced to probation.[2] Andrew was ultimately released in March 2013 after serving separate parole violation sentences in each county.[3]

Nine months later, Andrew again violated parole in Bucks and Northampton Counties. At his Bucks County parole violation hearing, the judge ordered that sentencing be deferred for ninety days.[4] One week later, at his Northampton County parole violation hearing, the judge revoked his parole and sentenced him to the remainder of the maximum term of his Northampton sentence. On the sentencing sheet, the judge wrote "Violator. Serve balance. Eligible for immediate work release. Remanded to NCP. Concurrent to all other sentences –incl– Bucks Cty." App. 32. During this period of incarceration, Andrew unsuccessfully filed multiple grievances arguing that he was entitled to credit on his

---

[2] Because Andrew was sentenced to a maximum term of less than two years in each of Bucks and Northampton Counties, his parole violation sentencings fell under the jurisdiction of the respective county courts rather than the Pennsylvania Board of Probation and Parole. *See* 61 Pa. Cons. Stat. § 6132(a)(2)(ii); 42 Pa. Cons. Stat. § 9762(b)(3).

[3] In Bucks County, Andrew was sentenced to the remainder of 23 months, the maximum term of his sentence. He received credit for time served from June 5, 2012 to January 23, 2013. In Montgomery County, Andrew was sentenced to serve the remainder of his sentence, with credit for time served from June 5, 2012 to January 18, 2013. In Northampton County, Andrew was given work release and re-parole after thirty days. He received credit for time served from February 12, 2013 to March 14, 2013.

[4] The record before us is silent as to any subsequent sentences in Bucks County, but a subsequent sentence would not affect our analysis here as Andrew remained incarcerated in Northampton County jail until his re-entry to society.

Northampton sentence for the time he spent detained in Bucks County in 2012. After exhausting the grievance process, he retained an attorney who was able to negotiate a new order from the Northampton County sentencing judge awarding Andrew credit for time served in Bucks County. Andrew was immediately released from Northampton County jail upon its receipt of the new order.

After his release, Andrew filed suit against three Northampton County Department of Corrections officials, asserting that his Northampton sentence was carried out beyond his 23-month maximum period of incarceration due to the officials' failure to credit his sentence with the time he spent in Bucks County in 2012. He alleged two claims: a violation of his Eighth Amendment right to be free of cruel and unusual punishment and a violation of his right not to be falsely imprisoned. The parties exchanged discovery and subsequently filed cross-motions for summary judgment. The District Court granted summary judgment in favor of the Northampton County officials. Andrew appealed.

## II

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over the District Court's grant of summary judgment to Defendants under 28 U.S.C. § 1291.[5]

## III

---

[5] To the extent that Andrew may appeal the District Court's denial of his Motion for Partial Summary Judgment, we do not have jurisdiction. The denial is neither a final decision nor an exception under the collateral order doctrine. *See In re Montgomery County*, 215 F.3d 367, 373-74 (3d. Cir. 2000), *cert. denied*, 531 U.S. 1126 (2001).

We review de novo a court's decision to grant summary judgment. *Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 170 (3d Cir. 2011). We view the facts and draw all reasonable inferences "in the light most favorable to the nonmoving party," *id.* (quoting *Armbruster v. Unisys Corp*, 32 F.3d 769, 777 (3d Cir. 1994)), and affirm when there is no genuine issue of material fact, Fed. R. Civ. P. 56(a). Here, the material facts are uncontested, and there remains only an issue of law: whether the Northampton County sentencing judge was required to credit Andrew's June 2012 detention in Bucks County toward his Northampton County sentence, or whether it was a matter left to the judge's discretion. Andrew argues that because his original Northampton sentence was ordered to run concurrently with his original Bucks sentence, his subsequent detention in Bucks County for a new crime and a parole violation must be credited towards his original Northampton sentence as well. We disagree.

Andrew's sentences are governed by Pennsylvania law, which requires the award of credit for time served under four enumerated scenarios. *See* 42 Pa. Cons. Stat. § 9760. Andrew's theory of perpetually concurrent sentences does not fall into any of these scenarios. Pennsylvania common law is also silent as to his theory. We have not identified, and Andrew has not shared, any case law that requires separate sentencing courts to coordinate their awarding of credit for sentences that were previously being served concurrently. Rather, we have found the opposite.

A sentence on violation of parole "is limited only by the maximum sentence" that could have been imposed under the original sentence. *Commonwealth v. Presley*, 193 A.3d 436, 445 (Pa. Super. Ct. 2018) (citing *Commonwealth v. Pasture*, 630 Pa. 440, 452 (Pa.

5

2014)); *see also* Pa. R. Crim. P. 708. Thus, Andrew's original sentencing order controlled subsequent sentencings only to the extent that it limited his maximum term to 23 months. The Northampton County sentencing court in Andrew's 2014 parole violation hearing was free to decline to award credit for his 2012 detention in Bucks County. It was similarly free to award that credit at a later date, which it did.

In the alternative, Andrew argues that the 2014 instruction for his parole revocation to run "[c]oncurrent to all other sentences –incl– Bucks Cty," App. 32, should be read as granting credit for his earlier detention in Bucks County. This reading is not supported by any case law or the plain language of the instruction. A sentencing instruction of "concurrent" is not an instruction for credit. Sentencing judges intending to award credit ordinarily will state so, as we saw in multiple sentencing orders in this case. *See supra* note 3.

Because Andrew's constitutional rights were not violated, we have no need to consider his deliberate indifference claim or the Defendants' qualified immunity defense.

**IV**

For the foregoing reasons, we will affirm the judgment of the District Court.