J-S22041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE LUIS GARCIA | : | |
| | : | |
| Appellant | : | No. 1387 MDA 2018 |

Appeal from the PCRA Order Entered July 24, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003340-2012

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MAY 10, 2019**

Jose Luis Garcia (Garcia) appeals from the order of the Court of Common Pleas of Berks County (PCRA court) dismissing his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  As the petition is untimely, we affirm.

At a January 2013 jury trial, Garcia was convicted of various sexual offenses, including Aggravated Indecent Assault, 18 Pa.C.S. § 3125(b).  The trial court sentenced Garcia to serve eight-and-a-half to twenty-five years' imprisonment and designated him as a Tier III sexual offender with lifetime reporting requirements under the Sexual Offender and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.  On November 14, 2013, this Court affirmed the judgment of sentence.  **See Commonwealth v. Garcia**, 91 A.3d 1284 (Pa. Super. 2013) (unpublished memorandum).  Garcia did not file a

_____
\*   Retired Senior Judge assigned to the Superior Court.

petition for allowance of appeal with our Supreme Court. As a result, his judgment of sentence became final on December 16, 2013.[1]

In November 2014, Garcia filed a *pro se* PCRA petition that was dismissed two years later and we affirmed. *See Commonwealth v. Garcia*, 2017 WL 4177027 (Pa. Super. 2017) (unpublished memorandum). Garcia then filed a second PCRA petition which was dismissed by the PCRA court in October 2017.

On February 8, 2018, Garcia filed his third *pro se* PCRA petition raising separate claims for relief based on the decisions in *Alleyne v. United States*, 570 U.S. 99 (2013) and *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). In *Alleyne*, the United States Supreme Court held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. He contends that *Alleyne* made any mandatory minimum sentence unconstitutional. In *Muniz*, our Supreme Court held that SORNA violates the *Ex Post Facto* clause of the Pennsylvania Constitution when its provisions are applied retroactively. It does not hold that SORNA is

_____

[1] The thirtieth day for filing an allowance of appeal fell on a Saturday. Thus, Garcia had until Monday, December 16, 2013 to file a timely petition for allowance of appeal with our Supreme Court. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

unconstitutional nor does it invalidate SORNA's registration requirements. Garcia apparently claims that because SORNA is punitive, it constitutes a second punishment for his offenses. In July 2018, the PCRA court dismissed Garcia's petition as untimely. He then filed the instant appeal.[2]

Before addressing the merits of the issues raised, we must first determine whether Garcia has established that his PCRA petition was timely, as the PCRA's time-bar is jurisdictional. "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three limited exceptions to the PCRA's one-year time limitation set forth in Section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[2] "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, a PCRA petitioner must present the petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3]

Because Garcia's third PCRA petition was filed over four years after his judgment of sentence became final, it is untimely and we have no jurisdiction to consider his claim unless it falls within one of those exceptions. Garcia claims that it falls within 42 Pa.C.S. § 9545(b)(1)(iii) because **Alleyne** and **Muniz** created new constitutional rights that apply retroactively.

First, Garcia's **Alleyne** claim clearly fails. Our Supreme Court has held that **Alleyne** does not apply retroactively in PCRA proceedings. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).

Next, Garcia's **Muniz** claim also fails because it was not filed within 60 days from the date of the **Muniz** decision which was July 19, 2017. Even if his PCRA petition had been timely filed, we have held that **Muniz** does not

---

[3] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. The amendment applies only to claims arising on or after December 24, 2017.

satisfy Section 9545(b)(3). **_See Commonwealth v. Greco_**, 2019 WL 510129, at *4 (Pa. Super. filed February 8, 2019). The **_Greco_** Court explained:

> Appellant's reliance on **_Muniz_** cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii).... [W]e acknowledge that this Court has declared that, "**_Muniz_** created a substantive rule that retroactively applies in the collateral context." **_Commonwealth v. Rivera-Figueroa_**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in **_Rivera-Figueroa_**), he must demonstrate that the Pennsylvania Supreme Court has held that **_Muniz_** applies retroactively in order to satisfy section 9545(b)(1)(iii). **_See_** [**_Commonwealth v._] _Abdul-Salaam_**, [571 Pa. 219, 812 A.2d 497, 501 (2002) ]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **_Muniz_** to meet that timeliness exception.

**_Id_**. (quoting **_Commonwealth v. Murphy_**, 180 A.3d 402, 405 (Pa. Super. 2018), _appeal denied_, 195 A.3d 559 (Pa. 2018)).

Because Garcia's PCRA petition is untimely and does not establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/10/2019

- 5 -