J-S40037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
            v.                          :
                                 :
                                 :
TYRE J. BEY                        :
                                 :
          Appellant            :    No. 2775 EDA 2022

Appeal from the PCRA Order Entered September 28, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005948-2016

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED DECEMBER 27, 2023**

Appellant, Tyre J. Bey, appeals from the order of the Court of Common

Pleas of Delaware County that dismissed his first petition filed under the Post

Conviction Relief Act (PCRA)[1] without a hearing. For the reasons set forth

below, we affirm.

This case arises out of an assault by Appellant on his wife (Victim) on

September 8, 2016, in which he repeatedly punched and choked her. The

case was tried to a jury on April 12 and 13, 2018. During jury selection, one

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

of the prospective jurors, Prospective Juror 11,[2] testified that there was domestic abuse in her family. N.T. Trial, 4/12/18, at 55-56. She testified that this does not affect her because it was long ago and she does not dwell on it. *Id.* at 56. Prospective Juror 11 testified that "I don't think a guy should put his hands on a woman," but also testified that "I can listen to both sides of an issue" and that she "always believed there's two sides to a story." *Id.* at 57. Prospective Juror 11 further testified that "I think I could be fair but I just thought I should mention it." *Id.* Trial counsel moved to strike Prospective Juror 11 for cause. *Id.* at 58-60. The trial court did not rule on the motion at that time and proceeded with the questioning of other prospective jurors. *Id.* at 60.

After the questioning of jurors was completed, Appellant's trial counsel did not renew his motion to strike Prospective Juror 11 or ask the trial court to rule on that motion before the parties exercised their peremptory strikes. N.T. Trial, 4/12/18, at 132-34. A list of prospective jurors that had been stricken for cause was read that included nine other prospective jurors and not Prospective Juror 11, and both parties exercised their peremptory strikes with Prospective Juror 11 as one of the available jurors. *Id.* at 133-35.

---

[2] Although the transcript of the *voir dire* of this juror does not identify her juror number, N.T. Trial, 4/12/18, at 51-58, Appellant and the Commonwealth state that her juror number was 11.

Appellant used one of his peremptory strikes to strike Prospective Juror 11 and she was not seated on the jury. *Id.* at 135.

At trial, the Commonwealth called two witnesses, Victim and a physician who treated her for her injuries, and Appellant testified in his own defense. On April 13, 2018, the jury convicted Appellant of attempted murder, aggravated assault, simple assault, and terroristic threats. On June 4, 2018, the trial court sentenced Appellant to 10 to 20 years' incarceration for the attempted murder conviction and imposed a consecutive sentence of 1 to 3 years for the terroristic threats conviction, resulting in an aggregate sentence of 11 to 23 years' incarceration. The trial court imposed no sentence for the aggravated assault and simple assault convictions because they merged with the attempted murder conviction. Appellant filed a direct appeal in which he raised claims of error concerning Victim's testimony at trial. On May 19, 2020, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Bey***, 237 A.3d 462 (Pa. Super. 2020) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On June 29, 2020, Appellant filed a timely *pro se* first PCRA petition. The PCRA court appointed PCRA counsel, who filed an amended PCRA petition asserting that Appellant's trial counsel was ineffective in several respects, including failure to renew his motion to strike Prospective Juror 11 for cause. On June 29, 2022, the PCRA court issued a notice pursuant to Pa.R.Crim.P.

907 of its intent to dismiss all of Appellant's PCRA claims without a hearing on the grounds that they were without merit. Appellant's PCRA counsel filed a response to the Rule 907 notice asserting that there were material issues of fact with respect to all of Appellant's PCRA claims that required a hearing. On September 28, 2022, the PCRA court entered an order dismissing Appellant's PCRA petition in its entirety without a hearing. PCRA Court Order, 9/28/22. This timely appeal followed.

In this appeal, Appellant raises a single claim of error, that the PCRA court erred dismissing his claim that trial counsel was ineffective in failing to renew his motion to strike Prospective Juror 11 for cause. Our review of the dismissal of this PCRA claim is limited to determining whether the record supports the PCRA court's determination and whether its decision is free of legal error. **Commonwealth v. Bishop**, 266 A.3d 56, 62 (Pa. Super. 2021); **Commonwealth v. Ligon**, 206 A.3d 515, 518 (Pa. Super. 2019); **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018).

To be entitled to relief under the PCRA on this claim of ineffective assistance of counsel, Appellant must prove: 1) that the underlying claim is of arguable merit; 2) that counsel had no reasonable basis for his action or inaction; and 3) that he suffered prejudice as a result of counsel's action or inaction. **Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015); **Bishop**, 266 A.3d at 62; **Presley**, 193 A.3d at 442. To satisfy the prejudice element of an ineffective assistance of counsel claim, Appellant must show that there

is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. **Commonwealth v. Jones**, 210 A.3d 1014, 1016-19 (Pa. 2019); **Mason**, 130 A.3d at 618; **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). The defendant must satisfy all three elements of this test to obtain relief under the PCRA. **Mason**, 130 A.3d at 618; **Bishop**, 266 A.3d at 62; **Ligon**, 206 A.3d at 519.

The PCRA court, who was the same judge who presided over Appellant's trial, concluded that Appellant could not show ineffectiveness of counsel because the challenge to Prospective Juror 11 was without merit and renewal of the challenge would not have resulted in striking her for cause. PCRA Court Opinion at 8-9. Assuming that Appellant can seek relief on this basis despite the fact that Prospective Juror 11 was not selected as a juror,[3] his claim of ineffectiveness of counsel fails because the motion to strike would not have been successful and he therefore cannot satisfy the prejudice requirement.

_____

[3] Improper failure to strike a juror for cause is reversible error even though the juror is not seated on the jury if the defendant is forced to use one of his peremptory challenges to strike the juror and exhausts his peremptory challenges before the jury is seated. **Commonwealth v. Ingber**, 531 A.2d 1101, 1104–05 (Pa. 1987); **Commonwealth v. Penn**, 132 A.3d 498, 505 (Pa. Super. 2016). In contrast, improper failure to strike a juror for cause is harmless error if the juror is removed by peremptory challenge and the defendant does not use all of his peremptory challenges. **Commonwealth v. Chambers**, 685 A.2d 96, 107 (Pa. 1996); **Ingber**, 531 A.2d at 1104. Appellant in his brief points to nothing in the record from which this Court may determine that he exhausted his peremptory challenges but did allege in his amended PCRA petition that trial counsel used all eight of his peremptory challenges. Amended PCRA Petition ¶23.

The test for determining whether a prospective juror should be disqualified is whether she is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence. ***Commonwealth v. Koehler***, 36 A.3d 121, 143 (Pa. 2012); ***Commonwealth v. Cox***, 983 A.2d 666, 682 (Pa. 2009); ***Commonwealth v. Clemat***, 218 A.3d 944, 951 (Pa. Super. 2019). The fact a juror has a close relationship with a person who was a victim of a similar crime does not require that the juror be stricken for cause if the juror's testimony demonstrates that she can be fair and impartial notwithstanding that experience. ***Cox***, 983 A.2d at 682-83 (no abuse of discretion in denial of motion to strike juror in capital murder case whose son had been murdered where juror "assured the trial court that she could render a fair and impartial verdict and that her personal tragedy would play no role in her assessment of the case"); ***Clemat***, 218 A.3d at 951-52 (no abuse of discretion in denial of motion to strike juror in drug case whose close friend recently died from a drug overdose where juror testified that it would not prevent her from being fair and impartial). Where the record establishes that a prospective juror is able to set aside the knowledge or feelings on which the challenge for cause would be based and decide the case impartially on the evidence, the defendant cannot show that his counsel was ineffective in failing to challenge the juror for cause. ***Koehler***, 36 A.3d at 144; ***Cox***, 983 A.2d at 682-83.

Here the court concluded that Prospective Juror 11 could be fair and impartial and decide the case according to the evidence notwithstanding the past domestic abuse in her family. PCRA Court Opinion at 8. That determination is amply supported by the record, which shows that Prospective Juror 11 testified that the domestic abuse occurred "a long time ago" and had no present effect on her and testified without hesitation that she could be fair and decide the case on the evidence. N.T. Trial, 4/12/18, at 55-57. Any renewed motion to strike Prospective Juror 11 would therefore have been properly denied and the trial counsel's failure to renew his motion to strike could not have had any effect on the composition of Appellant's jury.

For the foregoing reasons, the PCRA court correctly concluded that Appellant's trial counsel was not ineffective in failing to renew his challenge for cause with respect to Prospective Juror 11. Because Appellant's sole claim of error is without merit, we affirm the PCRA court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/27/2023