J-S11025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOPHANA SOVANN | : | |
| | : | |
| Appellant | : | No. 427 EDA 2023 |

Appeal from the Order Entered February 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012793-2008

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 17, 2024**

Sophana Sovann appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Sovann argues his petition was timely under the unknown facts exception to the PCRA time bar. We affirm.

In January 2010, a jury convicted Sovann of third-degree murder, conspiracy, and carrying a firearm without a license. He was sentenced to an aggregate term of 30 to 60 years' imprisonment. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on March 27, 2012. Sovann filed a PCRA petition in June 2012, which the court dismissed. This Court affirmed in May 2016.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In October 2021, Sovann filed the instant PCRA petition asserting the unknown facts exception. He alleged that in October 2021, when visiting the prison law library, he became aware of a September 2021 newspaper article in the Altoona Mirror discussing the brain development of those between the ages of 18 and 21. PCRA Petition, filed Oct. 28, 2021, at 3. Sovann alleged a law library aide brought the article to his attention and he attached to the petition the article, an unsworn declaration of the aide, his own unsworn declaration, and a letter he sent to Dr. Susan Rushing, the researcher mentioned in the article. Sovann alleged this was the first time he became aware of the research on brain development of those between the ages of 18 and 21 and had no way of learning about these facts as a *pro se* incarcerated inmate. *Id.*

Sovann maintained the evidence would justify relief as it was after-discovered evidence that could not have been discovered earlier through the exercise of due diligence. *Id.* at 6-7. He argued he was between the ages of 18 and 21 at the time of the crimes and "had the jury been aware of the science that Dr. Rushing has detailed in the article, this evidence would have likely resulted in a lesser degree of murder, or a reduced sentence." *Id.* at 7. The court held a hearing and dismissed the petition. This appeal followed.

Sovann raises the following issue: "Did the PCRA court err by denying the PCRA petition without a hearing where [Sovann] pled and proved the

timeliness exception at 42 Pa.C.S.[A.] § 9545(b)(1)(ii) and 9545(b)(2)?"[1] Sovann's Br. at 4.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Any petition for PCRA relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3).

Courts may consider a PCRA petition filed after the one-year deadline only if the petitioner pleads and proves at least one of the three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[1] Although Sovann's issue states that the PCRA court did not hold a hearing on the petition, a hearing was in fact held on January 20, 2023.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, Sovann's PCRA petition is facially untimely. Sovann attempts to invoke the unknown facts exception to the PCRA time bar. To succeed in raising that exception, a petitioner must establish that: (1) "the facts upon which the claim is predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence[.]" *Id.* at § 9545(b)(1)(ii). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa.Super. 2015) (*en banc*). Due diligence "does not require perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa.Super. 2019) (*en banc*) (citation and internal quotation marks omitted).

Sovann arguably made sufficient allegations in his PCRA petition to meet the unknown facts exception. He alleged that he first learned of the brain

development research when the library aide brought the article to his attention in October 2021 and filed the instant petition that same month. Thus, under the circumstances, he arguably exercised due diligence in learning about the article and the research in it.

Nevertheless, Sovann's substantive after-discovered evidence claim fails. To establish such a claim, a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." **Commonwealth v. Cox**, 146 A.3d 221, 228 (Pa. 2016); **see also Commonwealth v. Diggs**, 220 A.3d 1112, 1117 (Pa.Super. 2019) (stating "[t]he substantive merits-based analysis is more demanding that the analysis required by the 'new facts' exception to establish jurisdiction").

The science referenced in the newspaper article is inapplicable to Sovann. The article covered a homicide trial, pending at the time, of a 19-year-old facing the death penalty. The defense in that case sought to preclude the death penalty on the basis of Dr. Rushing's testimony about brain development. Dr. Rushing referenced the United States Supreme Court's decision in **Roper v. Simmons**, 543 U.S. 551 (2005), which held the death penalty unconstitutional for defendants under the age of 18. Dr. Rushing said that additional research since 2005 has shown that the same kind of behavioral traits attributed to those under 18 years old are applicable to those between 18 and 21 years old.

- 5 -

Here, unlike the defendant in the newspaper article, Sovann was not exposed to the death penalty or a life sentence. Rather, Sovann was convicted of third-degree murder and sentenced to 30 to 60 years in prison. Since the applicability of the science mentioned in the article has been limited to the death penalty and life sentence matters, it has no application to Sovann and would not have altered the verdict at trial.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/17/2024