**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY JOHNSON | : | |
| | : | |
| Appellant | : | No. 1310 EDA 2024 |

Appeal from the PCRA Order Entered April 26, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006042-2018

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 15, 2025**

Corey Johnson appeals from the order dismissing his Post Conviction Relief Act petition. 42 Pa.C.S.A. §§ 9541-46. Johnson's petition is untimely, and we affirm the PCRA court's order.

In December 2019, Johnson entered a negotiated guilty plea to rape by forcible compulsion.[1] The court sentenced him to six to 12 years' incarceration and three years' consecutive probation. Johnson did not file a post-sentence motion or direct appeal.

In March 2021, Johnson filed his first PCRA petition, which the court dismissed. This Court dismissed Johnson's appeal.[2] In December 2023, Johnson filed the instant PCRA petition, alleging his plea counsel was

---

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] Johnson filed numerous notices of appeal after this Court's dismissal of his first PCRA appeal, which this Court also dismissed or quashed.

ineffective due to an alleged conflict of interest. The PCRA court issued notice of its intent to dismiss the petition without a hearing and, in April 2024, dismissed the petition.

On appeal, Johnson claims he had a conflict of interest with his trial counsel and the trial court was aware of the conflict, but, rather than appoint new counsel, it told Johnson he could proceed to trial either with currently appointed counsel or *pro se*. Johnson's Am. Br. at 6-8. He further alleges counsel was ineffective for not filing a direct appeal. *Id.* at 1-4.[3]

In reviewing the denial of PCRA relief, we determine "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

A petitioner has one year from the date the judgment of sentence becomes final to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). Beyond the one-year deadline, a petitioner must plead and prove a time-bar exception. The exceptions are for governmental

_____

[3] Johnson did not include in his appellate brief a statement of issues presented on appeal. Because we can discern his issues from the argument section of his brief, we decline to find waiver. *See Commonwealth v. Young*, No. 2057 EDA 2022, 2023 WL 8244854, at *2 (Pa.Super. Nov. 22, 2023) (unpublished mem.) (reviewing issue not raised in statement of issues presented where failure did not hinder review).

interference, newly discovered facts, and a constitutional right recognized to apply retroactively. *See id.* at § 9545(b)(1)(i)-(iii). The petitioner must raise the claim within one year from the time it could have been raised. *Id.* at § 9545(b)(2).

Here, Johnson's judgment of sentence became final in January 2020, 30 days after the court imposed sentence, when his time to file an appeal with this Court expired. *See* Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). He therefore had until January 2021 to file a timely PCRA petition. His petition, filed in December 2023, is untimely.

Johnson made no attempt in either his PCRA petition or appellate brief to plead and prove an exception to the PCRA time bar. We therefore conclude Johnson's petition is untimely and affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025