J-S56006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GLENN MCDANIEL :
:
Appellant : No. 1419 EDA 2019

Appeal from the PCRA Order Entered May 14, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003322-2011

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.: **FILED JANUARY 28, 2020**

Glenn McDaniel appeals from the May 14, 2019 order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. McDaniel seeks relief from a term of life imprisonment without parole, imposed on March 28, 2012, after the trial court found him guilty of first-degree murder and possession of an instrument of crime ("PIC")[1] in the death of Ray Santiago ("the victim"). On appeal, he claims: (1) the PCRA court erred in dismissing his petition based on his newly discovered evidence argument; and (2) prior PCRA counsel was ineffective. Based on the following, we affirm.

_____

[1] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

McDaniel's convictions stem from an incident that occurred on October 26, 2010, during which he killed the victim by intentionally running over him several times with his employer's tow truck during a dispute between two rival tow truck companies. *See* PCRA Court's Supplemental Opinion, 5/21/2019, at 1. McDaniel was tried before a trial court, sitting without a jury, in March of 2012, and was convicted of first-degree murder and PIC. The court then sentenced McDaniel to a mandatory sentence of life imprisonment without parole for the murder conviction.[2] McDaniel filed post-sentence motions, which were denied by operation of law on August 6, 2012.

This Court affirmed his judgment of sentence on December 4, 2013,[3] and the Pennsylvania Supreme Court denied his petition for allowance of appeal on June 11, 2014. *See Commonwealth v. McDaniel*, 93 A.3d 498 [2489 EDA 2012] (Pa. Super. 2013) (unpublished memorandum).

McDaniel filed this, his first, *pro se*, PCRA petition and a supplemental petition on August 4, 2014, and April 29, 2016, respectively. Counsel was appointed, who filed an amended petition on April 6, 2017. On January 23, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss McDaniel's petition without a hearing, finding there was no merit to the issues

---

[2]  The court did not impose any further penalty for the PIC conviction.

[3]  McDaniel raised one claim on direct appeal – whether there was sufficient evidence to convict him of first-degree murder.

raised. McDaniel did not a file a counseled response to the court's Rule 907 notice.[4] Subsequently, on April 24, 2018, the court dismissed McDaniel's petition. McDaniel filed a *pro se* notice of appeal.[5]

On January 15, 2019, a panel of this Court issued a memorandum, vacating the court's April 24, 2018 order, and remanding the matter because the record was unclear as to whether McDaniel was denied his rule-based right to counsel during the PCRA process. *See Commonwealth v. McDaniel*, 209 A.3d 504 [1354 EDA 2018] (Pa. Super. 2019) (unpublished memorandum). Upon remand, the PCRA court appointed new counsel, and counsel subsequently filed a response to the court's Rule 907 notice on May 13, 2019. One day later, the PCRA court issued an order, again denying McDaniel relief. This timely appeal followed.[6]

Based on the nature of McDaniel's claims, we note both arguments involve former Philadelphia Homicide Detective Ronald Dove's involvement in the underlying case. By way of background,

> [McDaniel] called police following the [2010] incident and
> told the officer who responded to the call that he had been in a

---

[4] On January 31, 2018, McDaniel filed a *pro se* motion for extension of time to file objections to the PCRA court's Rule 907 notice.

[5] The PCRA court filed an opinion, setting forth its rational for denying McDaniel relief on May 8, 2018.

[6] The court did not order McDaniel to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Nevertheless, he filed a concise statement on May 17, 2019. On May 21, 2019, the trial court issued an opinion under Pa.R.A.P. 1925(a).

fight with another tow truck driver at Frankford and Lehigh Avenues after the male took a swing at his wife. After the fight ended, he then got in his truck and thought he put it in reverse. However, the truck went forward and hit the victim. [McDaniel] put the truck in reverse to back the truck off the victim and then drove home. Upon telling the officer about what had occurred, [McDaniel] told the officer where he left his tow truck. The officer then drove to the location of the truck and called other officers to secure it before driving [McDaniel] to a hospital where he received some stitches.

[McDaniel] was later interviewed by Philadelphia Police Detective Ronald Dove. [McDaniel] told the detective that he went to the scene of the incident after receiving a telephone call from a fellow employee who said that he was having a "situation" with someone from Siani's Towing. When [McDaniel] arrived, he told the victim that he was not going to speak to the victim because he did not know him, which agitated the victim, who began cursing and asking [McDaniel] to fight him. The victim then drove across the street and [McDaniel] followed him. When[McDaniel] exited his truck, the victim swung at [McDaniel] and missed him. [McDaniel] then tried to calm the victim down but was unsuccessful.

The argument continued and after the victim tried to strike [McDaniel]'s wife, who arrived at the scene with [McDaniel] and had exited his truck, [McDaniel] punched the victim twice, knocking him to the ground. [McDaniel] put his wife in the truck and got in it so that he could leave. He believed that he put the truck in reverse. However, he placed it in drive and the truck moved forward and struck the victim. He backed the truck off the victim and drove home.

He told [D]etective Dove that he believed that he struck the victim with the truck twice, once when the truck went forward and then when he placed it in reverse. When confronted with the video of the incident, which showed the truck striking the victim numerous times, [McDaniel] stated that he [could not] say that he [had not] done so but that he could not recall having done so. [McDaniel] added that he was sorry and did not mean for it to happen.

Police took a blood sample from [McDaniel] at 6:10 a.m., the morning of the incident. An analysis of it showed a blood-

alcohol level of .10%. It was estimated that [McDaniel] had a blood-alcohol level of .15% at the time of the incident, a level that is associated with an impairment of motor and cognitive skills.

PCRA Court Opinion, 5/8/2018, at 3-5.

In an unrelated matter, former Detective Dove pled guilty in April of 2017, to various crimes relating to his attempt to obstruct the investigation into his former girlfriend's involvement in a September 2013 homicide.[7]

McDaniel first argues the PCRA court erred in dismissing his petition without a hearing because there exists newly-discovered evidence that former Detective Dove tampered with evidence and refused to cooperate with authorities, and such evidence undermines the integrity of the investigation into McDaniel's case. **See** Appellant's Brief, at 8. McDaniel claims that in his amended petition, he "made allegations regarding Detective Dove misrepresenting what was seized by Detective Dove from [McDaniel]'s home when [McDaniel] was present." **Id.**, at 10. Moreover, he states, "This issue, as well as related issues as to Detective Dove's credibility could only be assessed during an evidentiary hearing." **Id.**

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is

---

[7] We take judicial notice of the criminal docket at CP-51-CR-0001382-2015, **Commonwealth v. Ronald S. Dove**, and the documented convictions. **See also** Appellant's Brief at 9; Commonwealth's Brief at 7 n.6. It merits mention that in recent years, numerous appellants have been unsuccessful in seeking PCRA relief based on former Detective Dove's criminal misconduct.

supported by the record and free of legal error." ***Commonwealth v. Presley***,

193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted), *appeal denied*, 201

A.3d 154 (Pa. 2019).

> We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (citations and

quotation marks omitted).

Additionally, it merits mention that McDaniel incorrectly refers to the

evidence relating to former Detective Dove as "newly discovered evidence."

Appellant's Brief, at 8. Generally, the phrase, "newly discovered evidence," is

reference to the timeliness exception to the PCRA's time requirements set

forth in 42 Pa.C.S.A. § 9545(b)(1)(ii).[8] Here, McDaniel's *pro se* 2014 PCRA

petition was timely filed[9] and therefore, his claim would actually fall under the

---

[8]  The "newly discovered" exception has two components which must be alleged and proved. The petitioner must establish that: 1) the facts upon which the claim was predicated were unknown; and 2) those facts could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017).

[9]  ***See*** 42 Pa.C.S. § 9545(b)(1) (PCRA petitions shall be filed within one year of the date the judgment becomes final).

"after-discovered evidence" eligibility-for-relief provision provided for in 42 Pa.C.S.A. § 9543(a)(2).

To establish a right to relief on a theory of "after-discovered evidence," an appellant must demonstrate the evidence at issue:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008) (citation omitted), *cert. denied*, 555 U.S. 1198 (2009). The "after-discovered" evidence test is conjunctive, meaning that a failure to establish one prong is a failure of the entire test. *See id*. Moreover, "after-discovered evidence" requires the petitioner to prove all four prongs by a preponderance of the evidence. *See Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012).[10]

Here, McDaniel's argument fails to address any of the "after-discovered evidence" prongs. He merely states the detective tampered with evidence and misrepresented what was seized at McDaniel's home. *See* Appellant's Brief, at 10. Moreover, he never explained exactly what evidence the detective

---

[10] We note the PCRA court incorrectly characterizes the evidence as "newly discovered" but applies the proper test. *See* PCRA Court Opinion, 5/8/2018, at 8-10.

tampered with and how the detective misrepresented such evidence.[11]

Nevertheless, even if McDaniel had met his burden with respect to the "after-discovered evidence" test, his claim would warrant no relief.

As the PCRA court properly found, former Detective Dove's criminal improprieties would only serve to impeach his credibility[12] and, consequently, do not meet the third prong of the "after discovered evidence" test. **See Commonwealth v. Griffin**, A.3d 605, 610 (Pa. Super. 2016), *appeal denied*, 157 A.3d 476 (Pa. 2016) ("A defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence 'solely to impeach a witness's credibility.'"); **Foreman**, 55 A.3d at 537 (the filing of criminal charges against detective in an unrelated matter does not meet the "after-discovered evidence" test because the evidence would be used solely to impeach the credibility of the detective).[13] Likewise, McDaniel fails to explain

---

[11] **Commonwealth v. Walter**, 966 A.2d 560, 567 (Pa. 2009) (failure to make or develop argument is fatal to a claim), *cert. denied*, 558 U.S. 1052 (2009).

[12] **See** PCRA Court Opinion, 5/8/2018, at 9.

[13] In his amended PCRA petition, McDaniel alleged the evidence "could have been utilized to support a Motion to Suppress and/or could have been utilized to undermine Detective Dove's reliability by demonstrating that he had lied about [] evidence seized in this case[.]" Amended Motion for New Trial Based Upon After Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of Habeas Corpus, 4/6/2017, at unnumbered 4. However, we remind McDaniel that "the hearing is for the presentation of evidence, not the potential discovery of evidence." **Commonwealth v. Castro**, 93 A.3d 818, 827-828 (Pa. 2014). "An evidentiary hearing ... is not meant to function as a fishing expedition for any possible evidence that may

how the detective's **2013** wrongdoings affected the validity of McDaniel's **2012** convictions, for which the PCRA court found there was overwhelming supporting evidence. *See* PCRA Court Opinion, 5/8/2018, at 9 (finding that McDaniel's convictions were supported by eyewitness testimony, video showing McDaniel running over the victim three times with his truck, and numerous inconsistent statements made by McDaniel prior to his arrest, which undermined his assertion that the victim was killed by accident).[14]

---

support some speculative claim." *Id.*, at 828 (quotations and citation omitted). "The relevant motion is not to serve as a preemptive means of securing a hearing that will itself comprise the investigation." *Id.*

[14] Without further explanation, McDaniel cites to a non-precedential memorandum by this Court in *Commonwealth v. Jackson*, 133 A.3d 69 [2527 EDA 2014] (Pa. Super. 2015) (unpublished memorandum), in which a panel of this Court vacated the PCRA court's order and remanded the matter for an evidentiary hearing based upon the criminal charges that were being filed against former Detective Dove at the time. *Jackson* is distinguishable because there, the panel determined the third prong of the "after-discovered evidence" test was met because "although evidence of [Detective] Dove's misconduct in other homicide cases would serve to impeach Dove's testimony, such evidence—if connected to Appellant's case and believed—could also result in a different verdict because **Dove's testimony was the sole basis** for Appellant's second attempted-murder conviction and sentence." *Jackson*, 133 A.3d 69 [2527 EDA 2014] (Pa. Super. 2015) (unpublished memorandum at 36-37). Here, as indicated by the PCRA court *supra*, there was a plethora of evidence to support McDaniel's convictions. Furthermore, the Pennsylvania Supreme Court reversed the panel's decision because with regard to "after-discovered evidence", a petitioner must establish the evidence at issue is "'producible and admissible.'" *Commonwealth v. Jackson*, 158 A.3d 64 (2016), *quoting* *Commonwealth v. Smith*, 540 A.2d 246, 263 (Pa. 1988). There, the evidence consisted only of criminal charges against Detective Dove, and not convictions.

Accordingly, McDaniel's first claim warrants no relief, and the PCRA court did not err in dismissing his petition without a hearing.

Second, McDaniel asserts the PCRA court erred in dismissing his petition because prior PCRA counsel was ineffective for failing to fully detail Detective Dove's involvement in his case, including threatening McDaniel to make a statement, intimidating a witness, and lying about the time of a blood draw. McDaniel argues that but for Detective Dove's involvement, he would have shown that he did not have the requisite intent and malice for first-degree murder. *See* Appellant's Brief, at 11. McDaniel points to his counseled response to the PCRA court's Rule 907 notice, in which he alleged the following: (1) Detective Dove forced him to sign a statement when he was intoxicated and threatened him by stating that he would not be able to come home if he did not sign the statement; (2) the detective threatened to beat him up; and (3) the detective lied about when McDaniel's blood draw occurred. *See id.*, at 12. McDaniel states the court dismissed his claims in a conclusory manner and such a decision cannot form the basis for dismissing his claims. *See id.*

To establish an ineffectiveness of counsel claim, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him.

*See Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011).[15] Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004), *appeal denied*, 860 A.2d 123 (Pa. 2004). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted), *appeal denied*, 128 A.3d 1204 (Pa. 2015), *cert. denied*, 136 S. Ct. 2391 (U.S. 2016). "A defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) (citation omitted).

Here, the PCRA court found the following:

> First, relief was denied with respect to the claim that Detective [Dove] threatened [McDaniel] because the record belies [his] claim alleging that Detective Dove threatened him to get him to sign his statement to Detective Dove because other than [McDaniel's] bald claim that he was threatened by Detective Dove, there is no evidence of record to sustain the claim. In fact, the record supports a conclusion that no threats were made to [McDaniel] to get him to sign the statement. In fact, if any conclusion can be drawn from the record, it is that there would have been no reason for Detective Dove to threaten [McDaniel] and that [McDaniel] willingly signed the statement because it was exculpatory. In it, [McDaniel] attempted to downplay the fact that the video tape of the incident shows that he ran over the victim's

---

[15] *See also* 42 Pa.C.S.A. § 9543(a)(2)(ii).

body more than once and in doing so [McDaniel] drove forward and in reverse over the victim's body. Given that the statement was exculpatory and the lack of evidence to support the claim, [McDaniel] failed to establish that this claim possesses arguable merit.

This claim also was rejected because [McDaniel] did not and cannot establish that PCRA counsel's alleged ineffectiveness deprived him of the grant of relief in the form of a new trial with regard to [McDaniel]'s newly discovered [Detective] Dove claim. First, the grant of a new trial was not warranted because, even if [McDaniel] was able to prove that he was threatened by Detective Dove and his statement to the detective was suppressed, the remaining evidence itself was alone sufficient to prove beyond a reasonable doubt that appellant was guilty of first-degree murder and the other offense. It consisted of eyewitness testimony, other statements made to police by [McDaniel], and the video recording of the incident, which depicted [McDaniel] driving back and forth across the victim's body. As noted in this Court's May 18, 2018, opinion:

> The law provides that when the Commonwealth presents overwhelming evidence inculpating a defendant, the defendant's subsequent presentation of newly–discovered evidence that merely undermines a piece of the Commonwealth's case will not justify relief. ***See Commonwealth v. Fisher***, 870 A.2d 864, 872 (Pa. 2005) (*citing **Commonwealth v. Abdul-Salaam***, 812 A.2d 497 (Pa. 2002). Therefore, [McDaniel] did not and cannot establish that a different outcome would result if his confession were excluded f[ro]m evidence.

Opinion, at 7.

In addition, this Court, in deciding upon a verdict, placed very little, if any, reliance on the contents of [McDaniel]'s statement. Thus, any issue evolving from the taking of [McDaniel]'s statement would not have caused this Court to render a different verdict.

With regard to Detective Dove's alleged false testimony concerning the time of the blood draw, the claim was rejected because the record did not support the claim. The parties stipulated that the blood draw occurred at 6:10 a.m., and

Detective Dove testified that he did not have any knowledge concerning the time at which the blood draw occurred and that any information he had regarding the blood draw came from the police report documenting it. (N.T. 3/27/12, 177, 224-225). Thus, [McDaniel]'s claim with regard to this issue lacked merit and was properly dismissed.

PCRA Court Opinion, 5/21/2019, at 4-5. Our review of the record reveals that the PCRA court's analysis is well supported by the record. Further, we conclude that the PCRA court's opinion properly disposes of the issue in this case. Accordingly, McDaniel is due no relief on this claim.

In finding neither of McDaniel's claims to be meritorious, we conclude that the PCRA court did not err in dismissing his petition.

Order affirmed.

Judge Olson joins the memorandum.

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/20