J-S16018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY WALKER | : | |
| | : | |
| Appellant | : | No. 3134 EDA 2019 |

Appeal from the PCRA Order Entered September 30, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000394-2014

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 01, 2020**

Troy Walker appeals from the order denying as meritless his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. § 9541-9546. Walker argues his counsel was ineffective for advising him not to testify at trial and for not filing a petition seeking decertification from the criminal division and remand to the juvenile division. We affirm.

A jury found Walker guilty in March 2015 of attempted first-degree murder, aggravated assault, robbery of a motor vehicle, recklessly endangering another person, unsworn falsification to authorities, and person not to possess a firearm.[1] The convictions stemmed from Walker's shooting of John Marszuk in the face at close range, then driving away in the victim's car. Walker initially told police officers that he was at his father's house at the time

---

[1] 18 Pa.C.S.A. §§ 901, 2502(a)(1), 3702(a), 2705, 4904(a)(1), and 6105(a)(1), respectively.

of the shooting. In a subsequent interview, he confessed to shooting the victim, but claimed it was self-defense and the victim had made sexual advances.

Walker was 17 at the time of the crime, and turned 18 two weeks later. Authorities directly filed the charges against him in criminal court. Trial counsel did not have him evaluated to see whether he could be rehabilitated and did not file a decertification petition.

Walker did not testify at trial. Before the defense rested, counsel conducted a colloquy to determine whether Walker knowingly waived his right to testify. Walker agreed he understood that: he had a right to testify and that it was his choice whether to do so; a decision not to testify could not be used against him; and if he chose to testify the jury would be instructed that he should be treated the same as any other witness. He also agreed that "[k]nowing all these things, after consultation with [counsel] and hearing the questions," he was electing not to testify. N.T., 3/19/15, at 43. Walker did not have any questions for the court or for counsel about his right to testify or his waiver of that right. *Id.*

The trial court sentenced Walker to 15½ to 31 years' imprisonment. We affirmed Walker's conviction, and, on November 28, 2017, the Pennsylvania Supreme Court denied allowance of appeal.

Walker filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended petition claiming that trial counsel was ineffective for

advising Walker not to testify at trial and for failing to file a petition to decertify the case to the juvenile division.

The PCRA court conducted an evidentiary hearing. Walker testified that he and counsel did not have a discussion about trial strategy:

> Mostly we had no discussions. We had no consultation prepared of the trial between us, and I was trying to figure out what we want to do after the suppression hearing was denied or granted, like, they were talking about my statement. But we couldn't ask -- we did not have nothing else to talk about.
>
> Like, he did not bring nothing up after that. Like, before jury selection, we didn't even talk about how we are going to prepare the case or how we are going to continue with it, and nothing. So I ain't no – I'm just there. I am just standing there letting him talk the whole time. I didn't understand nothing, what was going on.

N.T., 9/4/19, at 5-6.

However, Walker also testified that counsel advised him not to testify because he lied to the police officers and he had a prior record:

> Q: And before the trial, did the two of you talk at all about his opinions whether you should testify or not?
>
> A: No, not really. He most likely told – no, he told me that if I – it was not good on my behalf to testify because I lied to the cops and I got a prior record. So, therefore, [the Commonwealth would] probably impeach me or just basically eat me alive on the stand.

*Id.* at 6.

Walker claimed that if he had testified at trial, he "most likely" would have testified that the victim followed him when he exited the victim's car and began to walk away. *Id.* at 7, 14.

When asked whether he and counsel had any discussions regarding whether to seek transfer to the juvenile division, Walker testified that he asked counsel to file a motion to transfer:

> I asked him multiple times to see if – I told him how old I was. I was seventeen and can I get it dropped as a juvenile and continue in juvenile basically, whatever. I wrote letters. And I asked him multiple times. And nobody filed no motion.

*Id.* at 10.

Although trial counsel was present in the courtroom, Walker did not call him as a witness.

The Commonwealth presented the certified records of Walker's prior adjudications, which included adjudications for robbery, theft from a motor vehicle, and theft.

The PCRA court dismissed the petition, finding Walker failed to prove that Walker's counsel lacked a reasonable basis for his actions, failed to prove a decertification motion would have had merit, and failed to prove prejudice. Walker filed a timely notice of appeal.

Walker raises the following issues:

> I. Did the [PCRA] court err in denying [Walker's] PCRA claim that [Walker] was denied his constitutionally guaranteed right to effective representation, and trial counsel was ineffective when he erroneously advised [Walker] not to testify on his own behalf?
>
> II. Did the [PCRA] court err in denying [Walker's] PCRA claim that [Walker] was denied his constitutionally guaranteed right to effective representation, and trial counsel was ineffective when he failed to seek decertification of the case, and remand to the juvenile court, prior to trial?

Walker's Br. at v (suggested answers omitted).

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (quoting **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011)). We are bound by the PCRA court's credibility determinations, when the record supports them, and we review its legal conclusions *de novo*. **Id.**

For purposes of an ineffectiveness claim, "counsel is presumed to have rendered effective assistance." **Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa. 2011). A petitioner may overcome this presumption by pleading and proving by a preponderance of the evidence that: "(1) The underlying legal claim has arguable merit; (2) counsel had no reasonable basis for [the] action or inaction; and (3) [the a]ppellant suffered prejudice because of counsel's action or inaction." **Commonwealth v. Maddrey**, 205 A.3d 323, 327 (Pa.Super. 2019) (quoting **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018)). Prejudice in this context means "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. Spotz**, 84 A.3d 294, 312 (Pa. 2014) (quoting **Commonwealth v. King**, 57 A.3d 607, 613 (Pa. 2012)). A reasonable probability is one "sufficient to undermine confidence in the outcome of the proceeding." **Id.** (quoting **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010)).

Walker claims that the PCRA court erred in concluding that counsel was not ineffective when he advised Walker to not testify. He claims that counsel told him "not to testify without advising [Walker] that counsel intended to present a defense that portions of [Walker's] confession were fabricated by the police, and that the statement itself was coerced by the police." Walker's Br. at 10. He contends that this was "illogical and not supported by the evidence." *Id.* He claims that if he had known this was the intended defense, he would have testified at trial. He claims that he testified at the PCRA hearing that counsel did not discuss the case prior to trial, and that he "let his lawyer do the talking because he did not understand what was occurring." *Id.* at 11. Walker claims there was no strategic explanation for counsel's actions, and faults the Commonwealth for failing to call trial counsel as a witness at the PCRA hearing. Walker further claims that he was prejudiced because the result of the waiver proceeding would have been different if counsel "had a full and honest discussion with the client prior to or . . . during trial." *Id.* at 14.

The PCRA court concluded Walker failed to provide sufficient evidence that counsel lacked a strategic basis in advising him not to testify. Trial Court Opinion, filed Dec. 19, 2019, at 5 ("1925(a) Op."). It reasoned that Walker testified that counsel advised him to waive his right to testify because the evidence of past crimes could be used against him. It noted that Walker did not elicit testimony from counsel, even though trial counsel was present at the hearing. The court concluded that Walker failed to meet his burden of

proving "trial counsel lacked a reasonable or strategic basis for his advice or otherwise interfered with his right to testify." *Id.* at 6.

The PCRA court further concluded that Walker failed to establish he suffered prejudice. In *Commonwealth v. Walker*, this Court concluded that the prejudice at issue in a claim that counsel was ineffective when providing advice regarding the defendant's testimony is whether the outcome of the waiver proceeding would have been different, that is, whether the defendant would have testified at trial. 110 A.3d 1000, 1005 (Pa.Super. 2015). In *Commonwealth v. Towles*, the Pennsylvania Supreme Court declined to determine whether this was the appropriate standard for such a claim. 208 A.3d 988, 1003 (Pa. 2019). It declined, in part, because the issue of the appropriate standard was not appropriately briefed. *Id.* The Court determined that in the case before it, the *Walker* standard could not apply "given the pervasive weakness of [the a]ppellant's argument throughout." *Id.*

Here, the PCRA court found Walker failed to establish prejudiced under the traditional standard or the *Walker* standard. It noted that at the PCRA hearing, Walker testified "to a third version of events he claims he would 'most likely' have told the jury but for trial counsel's advice to not testify." 1925(a) Op. at 7. The third version was that Walker shot the victim after leaving the car and being followed. The PCRA court concluded that Walker could not prove the outcome of trial would have been different if he had testified to the third version. *Id.* He would have "faced significant credibility issues with the jury, as acceptance of this story would require jurors to acknowledge his history of

dishonesty and to reject two prior police statements by [Walker] as untrue." *Id.* The court further noted that the third version of events conflicted with the evidence presented at trial, including Walker's prior statements and witness testimony. *Id.*

Further, the court found that Walker did not establish the result of the waiver proceeding would have been different. It noted that the record belies Walker's claims that the decision not to testify was not his, and that he would have chosen to testify. *Id.* at 9. It noted that during the colloquy, Walker agreed that he understood that it was his choice whether to waive his right to testify. *Id.* at 9. The court further noted that Walker's testimony at the PCRA hearing was contradictory, in that he asserted both that he had no conversations with counsel regarding whether to testify and that counsel explained that testifying would be inadvisable. *Id.* The court concluded that "[w]ithout more specific evidence in the record or testimony from trial counsel during the PCRA hearing as to what he and [Walker] discussed regarding trial strategy and the decision to not testify, this Court can neither determine the impact of trial counsel's advice on [Walker's] decision nor find that the waiver proceeding would have had a different outcome absent these conversations." *Id.* at 10.

The PCRA court's factual findings are supported by the record and it did not err as a matter of law. Walker failed to establish that counsel lacked a reasonable basis for advising him not to testify. Contrary to Walker's contention, the Commonwealth was not required to prove that counsel had a

reasonable basis. Rather, Walker bore the burden at the PCRA proceeding of proving, through testimony and other evidence, that counsel lacked a reasonable basis. **See Commonwealth v. Isaac**, 205 A.3d 358, 362 (Pa.Super. 2019). He failed to do this.

Moreover, Walker failed to establish he was prejudiced where he provided contradictory testimony about his discussions, or lack thereof, with counsel, such that the court could not determine whether the outcome of the waiver proceeding would have been different. Further, even if Walker had testified, there is not a reasonable probability that his testimony would have altered the outcome of the trial, for the reasons the PCRA court cited.

In his second issue, Walker claims the PCRA court erred when it denied his claim that counsel was ineffective for failing to seek decertification of the case and a remand to the juvenile division. He claims that "whether someone can be rehabilitated through counseling and psychological treatment are not issues within the realm of expertise of attorneys." Walker's Br. at 14-15. He claims trial counsel had a duty to seek professional opinions regarding Walker's IQ, mental health, and other psychological and emotional factors before deciding he could not be rehabilitated. Walker claims counsel could not have had a reasonable basis for failing to have Walker evaluated, and that the failure to see an evaluation prejudiced Walker.

When a juvenile is charged with attempted murder, the criminal division of the Court of Common Pleas is vested with jurisdiction of the case. 42 Pa.C.S.A. § 6322(a); 6302. To determine whether to transfer a case charging

a person under the age of 18 with such a crime, "the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest." 42 Pa.C.S.A § 6322(a). To determine whether the transfer will serve the public interest, courts consider the following factors:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

(I) age;

(II) mental capacity;

(III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any;

(IX) any other relevant factors; and

(iv) that there are reasonable grounds to believe that the child is not committable to an institution for the mentally retarded or mentally ill.

*Id.*; 42 Pa.C.S.A. § 6355(a)(4)(iii). Whether to grant a motion to decertify a case to juvenile court is within the discretion of the trial court. **See Commonwealth v. Brown**, 26 A.3d 485, 493 (Pa.Super. 2011).

The PCRA court concluded that Walker's claim that the case would have been decertified lacked arguable merit and he failed to establish he was prejudiced by counsel's failure to file a motion. The court noted that Walker committed the crimes, which included attempted first-degree murder, when he was less than two weeks from his 18th birthday. The court reasoned that Walker provided limited testimony on this issue at the PCRA hearing, saying only that he raised the issue of decertification with his counsel. 1925(a) Op. at 12. The court concluded that he failed to prove a decertification motion would have had merit, or that he was prejudiced by the lack of a motion.

The record supports the PCRA court's factual findings and it did not err in finding that Walker's claim that counsel was ineffective for failing to file a motion to decertify lacked merit and that Walker failed to establish prejudice. Walker was two weeks from his 18th birthday and charged with attempted murder, among other crimes. Walker presented no evidence regarding the other factors that would have convinced the court that decertification would serve the public interest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/20