J-A05022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY EVANS | : | |
| | : | |
| Appellant | : | No. 1743 EDA 2019 |

Appeal from the PCRA Order Entered May 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012651-2009

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                        **FILED JUNE 09, 2021**

Appellant Rodney Evans appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  Appellant contends that the PCRA court erred in dismissing his claims concerning his trial and direct appeal counsel's failure to obtain a ballistics expert and seek a new trial for judicial and prosecutorial misconduct, as well as an improper jury instruction.  For the reasons that follow, we are constrained to vacate the order dismissing the petition and remand to the PCRA court.

Briefly, a jury convicted Appellant of third-degree murder concerning a barfight that escalated into a gunfight that caused the death of the victim. This Court affirmed the judgment of sentence on direct appeal.  ***See***

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

*Commonwealth v. Evans*, 55 A.3d 131, 354 EDA 2011 (Pa. Super. filed July 11, 2012) (unpublished mem.).

Appellant filed a timely *pro se* PCRA petition on March 18, 2013. Private counsel, Jerome Brown, Esq., entered his appearance on Appellant's behalf on April 22, 2014, and filed an amended petition, followed by two supplemental amended petitions. In those counseled petitions, Appellant asserted, in part, that (1) direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence when there was no proof that he fired the shot that killed the victim, and (2) trial counsel was ineffective for failing to call witnesses to testify Appellant did not have a firearm on the night of the shooting, for failing to object to the trial court's jury instructions, for failing to object to jury instructions regarding Appellant brandishing a firearm, and for failing to object to comments by the Commonwealth during opening and closing statements.

Appellant's counseled PCRA petitions also asserted that the trial court's responses to the jury's first two questions were not transcribed and, therefore, there was no evidence that either Appellant or trial counsel were present for the trial court's responses and reinstructions. Appellant claimed that trial counsel and appellate counsel should have challenged this issue.

Lastly, Appellant attached a 2014 ballistics report requested by Attorney Brown and asserted that trial counsel was ineffective for failing to obtain a defense expert to demonstrate that Appellant did not fire the shot that killed the victim.

On July 8, 2016, Appellant filed a petition to proceed *pro se*. On January 6, 2017, the PCRA court conducted a **Grazier**[2] hearing and permitted Appellant to proceed *pro se*, with Attorney Brown acting as stand by counsel. On January 16, 2018, Appellant filed a *pro se* amended PCRA petition asserting: (1) trial counsel failed to adequately investigate the case and present a ballistics expert; (2) trial and direct appeal counsel failed to challenge the trial court's unrecorded *ex parte* jury instruction; (3) trial counsel failed to object to the Commonwealth's "manipulation an[d] misstatements[;]" and (4) trial counsel failed to challenge an improper jury instruction. **See** *Pro Se* PCRA Pet, 1/16/18, at 1.

On March 22, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition as untimely. **See** Rule 907 Notice, 3/22/19. Appellant filed a response on April 11, 2019, arguing that the petition was timely. On May 24, 2019, the PCRA court dismissed the petition as untimely, characterizing it as a second or subsequent petition. **See** Order, 5/24/19.

Teri B. Himebaugh, Esq., entered her appearance as counsel for Appellant, and filed a timely notice of appeal on June 17, 2019. Pursuant to the PCRA court's order, Appellant filed a timely Pa.R.A.P. 1925(b) statement claiming that the PCRA court erred in dismissing Appellant's *pro se* amended petition as untimely and that he was entitled to an evidentiary hearing. **See** Rule 1925(b) Statement, 7/12/19, at 1-2.

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

The PCRA court issued its first Rule 1925(a) opinion on November 18, 2019. The PCRA court acknowledged that it "mistakenly noted that [Appellant's petition] was untimely instead of noting that [it] was without merit" and that "Appellant correctly noted that [his petition] was timely filed." PCRA Ct. Op., 11/18/19, at 2 n.1.

Nevertheless, the PCRA court asserted that it would address the issues raised in Appellant's *pro se* petitions and state its reasons for declining to hold an evidentiary hearing on meritless issues. ***See id.*** The PCRA court thereafter found meritless the claims raised in Appellant's counseled petitions filed by former counsel, Jerome Brown, namely: (1) direct appeal counsel's failure to challenge the sufficiency of the evidence; (2) trial counsel's failure to call witnesses; (3) trial counsel's failed to object to the trial court's jury instruction on causation; (4) trial counsel's failure to obtain a ballistics expert; and (5) trial counsel's failure to obtain DNA evidence. The PCRA court further determined that a claim based on the absence of transcripts concerning two jury questions during deliberations was waived because it could have been raised in Appellant's direct appeal.

On January 29, 2020, Attorney Himebaugh filed Appellant's brief in this Court. On February 28, 2020, Appellant filed with this Court a petition to proceed *pro se*. Attorney Himebaugh filed an application to withdraw on March 5, 2020. This Court denied the petitions.

On August 1, 2020, Appellant filed a counseled application for remand. This Court granted the application, remanding to the PCRA court for Appellant

to file a supplemental Rule 1925(b) statement, and the PCRA court to file a supplemental Rule 1925(a) opinion.

On August 25, 2020, Appellant filed a *pro se*[3] supplemental Rule 1925(b), a motion to proceed *in forma pauperis*, and a motion to proceed *pro se*. **See** Docket No. 0012651-2009, at 17. Therein, Appellant focused on issues that he raised in his amended *pro se* PCRA petition he filed after Attorney Brown withdrew. Attorney Himebaugh did not file a counseled supplemental Rule 1925(b) statement.

On September 28, 2020, the PCRA court filed a supplemental opinion. The PCRA court reiterated that it "already recognized that Appellant timely filed his Petition" in its November 18, 2019 opinion. PCRA Ct. Supp. Op., 9/28/20, at 1 (footnote omitted). The court found that Appellant had waived the claims in his *pro se* supplemental Rule 1925(b) statement because he mailed it to the PCRA court rather than filing the statement with the clerk of courts. The PCRA court did not consider Appellant's motions to proceed *pro se*, but nevertheless addressed the claims raised in Appellant's *pro se* supplemental Rule 1925(b) statement. Notably, although the PCRA court previously concluded that Appellant's claim based on the missing transcripts of its response to jury questions was waived, **see** PCRA Ct. Op., 11/18/19, at

_____

[3] In the supplemental Rule 1925(b) statement Appellant states: "Appellant believes that he is representing himself as previously retained counsel has constructively abandoned him." Supplemental Concise Statement, 8/23/20, at 1.

9, its supplemental statement asserted that Appellant could not "possibly establish that the alleged event, an 'unrecorded *ex parte* jury instruction[,']' occurred." PCRA Ct. Supp. Op., 9/28/20, at 8.

The case was transmitted back to this Court. On December 28, 2020, Attorney Himebaugh filed an appellate brief for Appellant.

Appellant raises the following issues in his counseled brief:

1. Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to retain and present a ballistics expert to a) establish that the evidence was insufficient as to Third Degree murder; b) to support the defense theory and c) to present a factual basis for an Incontrovertible Physical Facts instruction?

2. Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to object and request a mistrial when the Trial Court gave the jury an unrecorded *ex parte* instruction; Appellate counsel was ineffective for failing to raise and argue the Trial Court error on direct appeal?

3. Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to object and request a mistrial when the prosecution made multiple misstatements of the evidence; Was Appellate counsel . . . ineffective for failing to raise and argue the prosecutorial misconduct on direct appeal?

4. Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to object to the Court giving the jury an improper 'mandatory presumption' charge?; Was Appellate counsel . . . ineffective for failing to raise and argue the claim of Trial Court error on direct appeal?

5. Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to object and request a mistrial to the court's []unrecorded *ex parte* jury instruction; was direct appeals counsel ineffective for failing to raise and argue this claim on direct appeal?

6. Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to object to the prosecutor's manipulation and misstatement of crime scene photos; was direct appeals counsel ineffective for failing to raise and argue this claim on direct appeal?

7. Were Appellant's constitutional rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article 1 sec. 9 of the Pennsylvania Constitution violated by trial counsel's failure to object and request a mistrial when the prosecutor manipulated and misstated the testimony of Officer Trenwith and Officer Welsh; was direct appeals counsel ineffective for failing to raise and argue this claim on direct appeal?

Appellant's Brief, 12/28/20, at 3-4.

In his counseled brief, Appellant asserts that the PCRA court erred in dismissing the claims raised in the *pro se* PCRA petition that he filed after Attorney Brown's withdrawal. ***See id.*** at 6 n.2. Appellant proceeds to advance substantive claims that each of his *pro se* claims had merit.

In response, the Commonwealth initially notes that Appellant may be entitled to a remand for a ***Grazier*** hearing to determine whether he wishes to proceed *pro se* in this appeal. ***See*** Commonwealth's Brief at 5, 7-8. The Commonwealth also argues that Appellant failed to properly plead his claims of ineffectiveness or that his claims were meritless. ***See id.*** at 15 (noting

- 7 -

Appellant failed to provide an affidavit to raise a genuine issue of fact that the trial court issued *ex parte* jury instructions), 16-24.

"Our standard of review for issues arising from the denial of PCRA relief is well settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted and formatting altered).

Initially, we agree with the Commonwealth that the tortured procedural history of this appeal suggests that a remand is necessary to address the status of Appellant's representation in this appeal and the unresolved motion to proceed *pro se* that Appellant filed in conjunction with his *pro se* supplemental Rule 1925(b) statement on August 25, 2020. ***See*** Commonwealth's Brief at 7-8; ***see also Commonwealth v. Jette***, 23 A.3d 1032, 1044 (Pa. 2011) (disapproving of hybrid representation in a PCRA appeal). However, this panel's review of the PCRA court's opinions, with the benefit of the parties' arguments and a complete record, constrain us to conclude that Appellant is entitled to relief beyond a determination of Attorney Himebaugh's status as counsel in this appeal.

As noted above, the PCRA court here issued a Rule 907 notice of its intent to dismiss Appellant's petition as untimely, and the PCRA court in fact entered the May 24, 2019 order dismissing Appellant's petition as untimely

filed. This was error, as the PCRA court now concedes.[4] Although we acknowledge that this Court may affirm the dismissal of PCRA petition on any grounds, we conclude that the circumstances of this appeal compel the conclusion that doing so could impair Appellant's right to a first PCRA petition and the opportunity to preserve arguments and responses in the PCRA court. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (noting that "[t]he purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects" (citation omitted)); *accord* PCRA Ct. Op, 11/18/19, at 9, PCRA Ct. Supp. Op., 9/28/20, at 8; Commonwealth's Brief at 15 (offering three different reasons for dismissing one of Appellant's claims for failing to raise a genuine issue of material fact).

For these reasons, we vacate the PCRA court's May 24, 2019 order dismissing Appellant's petition as untimely filed and remand to the PCRA court for an appropriate consideration of Appellant's petitions on the merits and for compliance with the rules of criminal procedure. On remand, the PCRA court shall resolve the issue of Appellant's intention to proceed *pro se* or with Attorney Himebaugh, his second privately retained PCRA counsel, before proceeding further in this matter.

---

[4] Specifically, the PCRA provides that a petition shall be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Here, Appellant's judgment of sentence became final on July 11, 2012, thus his petition, filed on March 18, 2013, was timely filed. Therefore, we agree that the PCRA court erred when it dismissed Appellant's petition as untimely.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/9/2021*