J-S21013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KASHIF NOEL | : | |
| | : | |
| Appellant | : | No. 1925 EDA 2020 |

Appeal from the PCRA Order Entered September 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007342-2016

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.*

JUDGMENT ORDER BY BOWES, J.:                 Filed: July 22, 2021

Kashif Noel appeals from the September 4, 2020 order that denied his request for relief pursuant to the Post-Conviction Relief Act ("PCRA").  Our review of the certified record reveals that Appellant's counsel failed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), despite being ordered to do so.  Accordingly, we remand to the PCRA court for the *nunc pro tunc* filing of a Rule 1925(b) statement and the preparation of a responsive opinion by the PCRA court.

We will review the factual and procedural history of this case but briefly. On June 30, 2016, Appellant was stopped by officers of the Philadelphia Police Department while driving in the city.  Following a search of his vehicle, various contraband was discovered including narcotics, paraphernalia, and a firearm.

_____

* Retired Senior Judge assigned to the Superior Court.

Following a jury trial, Appellant was convicted of possession with intent to deliver ("PWID"), persons not to possess firearms, firearm not to be carried without a license, and carrying a firearm in public in Philadelphia. The trial court sentenced him to an aggregate term of four to eight years of imprisonment, followed by six months of probation. On March 11, 2019, this Court affirmed Appellant's judgment of sentence. **See Commonwealth v. Noel**, 215 A.3d 631 (Pa.Super. 2019) (non-precedential decision at 6). He did not seek discretionary review before the Pennsylvania Supreme Court.

On March 29, 2019, Appellant filed a timely *pro se* PCRA petition. Thereafter, PCRA counsel was appointed to represent him. On January 17, 2020, Appellant filed an amended PCRA petition through counsel. The PCRA court issued notice of its intent to dismiss Appellant's amended petition without further proceedings or a hearing pursuant to Pa.R.Crim.P. 907. After receiving no response from Appellant, the PCRA court dismissed his petition on September 4, 2020. On October 2, 2020, Appellant filed a timely *pro se* notice of appeal to this Court.[1,2] The PCRA court directed Appellant to file a Rule 1925(b) concise statement within twenty-one days and warned that "[a]ny issue not properly included in the [s]tatement shall be deemed

---

[1] Although defendants typically may not engage in hybrid representation, Pa.R.Crim.P. 576(A)(4) requires that the clerk of courts accept *pro se* "written notices" for filing. Furthermore, "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]" **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016).

[2] In its Rule 1925(a) opinion, the PCRA court incorrectly states that Appellant's notice of appeal was untimely filed.

waived." Order, 10/13/202. No such statement was properly filed.[3] Accordingly, the PCRA court prepared a cursory Rule 1925(a) opinion concluding that all of Appellant's available claims were waived.

We emphasize that Appellant was represented by PCRA counsel at the time he was ordered and required to file his statement. In Appellant's brief to this Court, PCRA counsel asserts that his failure to file a Rule 1925(b) concise statement was a consequence of the COVID-19 pandemic and undisclosed "technical issues." **See** Appellant's brief at 7-8. Regardless of the underlying reason, "[a]n attorney's failure to file and serve a timely [Rule] 1925(b) statement in a criminal case is a failure to perfect the appeal, it is presumptively prejudicial and clear ineffectiveness." ***Commonwealth v. Presley***, 193 A.3d 436, 441 (Pa.Super. 2018). "Accordingly, in criminal cases, remand, not waiver, results from the late filing of a statement[.]" ***Id***.

Accordingly, we will remand for the *nunc pro tunc* filing of a Rule 1925(b) statement by PCRA counsel and the preparation of an opinion by the PCRA court addressing the issues raised in that filing.[4] **See** Pa.R.A.P.

---

[3] Although Appellant has attached a copy of a purported fax to his brief that he claims to have transmitted to the PCRA court on November 18, 2020, no such document is presented in the certified record or evident on the docket. Furthermore, this approach does not comport with any of the required filing and service procedures attendant to Rule 1925. **See** Pa.R.A.P. 1925(b)(1).

[4] To the extent that PCRA counsel determines that Appellant's available claims are entirely frivolous, he may file a statement of his intent to seek leave to withdraw his representation in lieu of a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(c)(4).

1925(c)(3). Due to the nature of our holding, we express no opinion on the relative merits of Appellant's potential claims for relief.

Case remanded. Jurisdiction retained.