J-S06021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1263 EDA 2020 |

Appeal from the PCRA Order Entered March 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015842-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1264 EDA 2020 |

Appeal from the PCRA Order Entered March 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015843-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1265 EDA 2020 |

Appeal from the PCRA Order Entered March 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015844-2013

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 14, 2022**

Raheem Williams appeals from the order denying his Post Conviction

Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We remand for

the appointment of new counsel.

A panel of this Court previously summarized the facts as follows:

> [I]n August 2013, a fistfight between two groups of men
> escalated into a shootout, with two men firing weapons into
> the crowd. One person was wounded. The next day, two
> other people connected with the fight were wounded in
> another shooting outside of one of the victims' homes. Police
> questioned a witness, Rakeem Hall, who identified
> [Williams] in a photo array as one of the men who began
> firing into the crowd. Hall also stated that [Williams] shot
> Hall's brother and a neighbor outside of Hall's residence.
> Kaleem Shelton, who separately pled guilty to charges in
> connection with the first shootout, likewise identified
> [Williams] as the other gunman firing into the crowd, and
> as the person who shot Hall's brother and neighbor.
>
> ***
>
> At trial, both Hall and Shelton refused to testify, and their
> prior signed statements were admitted into evidence. The
> jury convicted [Williams] of three counts each of attempted
> murder and aggravated assault, and one count each of
> firearms not to be carried without a license, carrying
> firearms on a public street in Philadelphia, and possession
> of an instrument of crime. The court imposed an aggregate
> sentence of 25–50 years' incarceration.

**Commonwealth v. Williams**, No. 1249 EDA 2016, unpublished

memorandum at 1 (Pa.Super. filed Dec. 22, 2017) (footnote omitted).

Williams filed a direct appeal, and we affirmed the judgment on sentence

on December 22, 2017. Williams sought review in the Pennsylvania Supreme

- 2 -

Court, which initially granted allowance of appeal. However, it subsequently dismissed the appeal as improvidently granted on June 18, 2019.[1]

Slightly more than two months later, Williams filed the instant *pro se* PCRA petition.[2] The petition claimed a right to relief because of, among other things, trial counsel's ineffectiveness in failing to investigate and call witnesses. Williams did not name the witnesses or provide any other information. He instead stated he "reserve[d] the right to amend this portion of [his] petition with [the assistance of an] attorney." Petition, dated Aug. 24, 2019, at 5.

The Court of Common Pleas appointed PCRA counsel. The PCRA court docketed on December 12, 2019 a copy of a letter from Williams to PCRA counsel. The letter advised that Williams' family was retaining private counsel and asking PCRA counsel to postpone a January status conference. Williams ultimately did not retain private PCRA counsel.

PCRA counsel filed a **Finley**[3] letter. PCRA counsel stated he had reviewed the court file, read the notes of testimony, and communicated with Williams. He found Williams' claim regarding the failure to investigate or call witnesses meritless. Counsel said, "First and foremost, Mr. Williams never lists

---

[1] **See Commonwealth v. Williams**, No. 20 EAP 2018, 210 A.3d 267 (Pa. filed June 18, 2019).

[2] Williams dated the certificate of service August 24, 2019, and the Court of Common Pleas docketed it on August 29, 2019.

[3] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

any witnesses, fact or eye, who would have provided information about the crimes he was charged with at the time of the incident." Finley Letter, filed 12/26/19, at 6. PCRA counsel also said he found no other issues of arguable merit. The court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, on January 7, 2020.

Williams responded with a *pro se* "Motion Requesting Permission to Amend Previously Filed PCRA Petition With Claims of Trial, Appella[te], and PCRA's Counsel's Ineffectiveness and Motion to Rescind Notice of Intention to Dismiss" ("First Motion to Amend").[4] It appears that the court did not forward the motion to counsel.

The First Motion to Amend raised an ineffectiveness claim against PCRA counsel. Williams said he had written a letter to PCRA counsel giving him the names of six witnesses that he had wanted his trial attorney to interview and call to testify at trial. First Motion to Amend, filed 2/26/20, at ¶¶ 17-19, 23. Williams stated that PCRA counsel did not respond but instead filed the *Finley* letter. The motion also said that Williams was again attempting to retain private counsel and asked the PCRA court to rescind its Rule 907 notice and grant Williams 90 days to consult with attorneys and file an amended petition. *Id.* at ¶ 26.

---

[4] Williams dated the certificate of service February 24, 2020. The Court of Common Pleas docketed the First Motion to Amend on February 26, 2020.

The court entered an order denying the First Motion to Amend on March 6, 2020. The same order dismissed Williams' PCRA petition and granted counsel's request to withdraw.

Williams then submitted a second *pro se* motion to amend his PCRA petition ("Second Motion to Amend"). Williams entitled it, "Motion to Amend Petition for Post-Conviction Petition [sic]." He dated the certificate of service March 9, 2020, and the court docketed it on March 12, 2020. He sought to amend his PCRA petition to allege, among other claims, a renewed claim faulting trial counsel for failing to call certain witnesses at trial. He also asserted the nature of the proposed testimony of the alleged trial witnesses. Second Motion to Amend, ¶ 8.b.-f. **See also id.** at 12. Williams asserted that his claims were not previously litigated due to the ineffectiveness of counsel and were not waived because he had raised them at the earliest opportunity. *Id.* at ¶ 6. The court did not rule on the Second Motion to Amend.

Williams appealed *pro se* from the order denying PCRA relief, filing a notice of appeal at each docket. The PCRA court directed him to file a Pa.R.A.P. 1925(b) statement, and Williams filed one, *pro se*. This Court consolidated the appeals *sua sponte* and issued a rule to show cause as to why the appeals should not be quashed as untimely. After receiving Williams' *pro se* response this Court referred consideration of the issue to this panel.

Later, on October 27, 2020, this Court directed the PCRA court to determine Williams' eligibility for appointed counsel for this appeal. The court found Williams eligible, since this was his first PCRA petition, and appointed

counsel. Counsel thereafter filed a Rule 1925(b) statement on Williams' behalf, as well as a supplemental Rule 1925(b) statement.

Williams' brief presents the following questions for our review:

1. Did Mr. Williams timely file a notice of appeal?

2. Did the PCRA court err and manifestly abuse its discretion when the court did not appoint substitute counsel after Mr. Williams alleged PCRA counsel's ineffectiveness?

Williams' Br. at 3.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We first consider the timeliness of Williams' appeal. The order dismissing Williams' PCRA petition was entered on March 12, 2020. Therefore, Williams' notice of appeal was due on or before April 13, 2020. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken). The docket reflects that Williams' notice of appeal was filed on June 24, 2020. Therefore, Williams' appeal on its face appears to be untimely. However, Williams' handwritten date on his notice of appeal and the accompanying proof of service is dated March 20, 2020. Additionally, although the envelope in which the notice of appeal was mailed does not clearly show the postmark date, the envelope contains a date stamp of "Received APR 28 2020 Office of Judicial Records Prison Liaison Unit."

On April 1, 2020, in response to the COVID-19 pandemic, the Pennsylvania Supreme Court entered an order stating, in part, that "any legal papers or pleadings which are required to be filed between March 19, 2020, and April 30, 2020, SHALL BE DEEMED to have been timely filed if they are filed by May 1, 2020, or on a later date as permitted by the appellate or local court in question." *In re Gen. Statewide Judicial Emergency*, 229 A.3d 229 (Pa. 2020) (Table).

Since Williams' notice of appeal was required to be filed by April 13, 2020, it falls within the scope of this order. While there is no evidence as to when Williams delivered his notice to prison authorities, it was received by the lower court's Office of Judicial Records Prison Liaison Unit on April 28, 2020, as indicated by the date stamp on the notice's envelope. In these circumstances, we decline to quash Williams' appeal as untimely due to our Supreme Court's order deeming any legal papers which were required to be filed between March 19, 2020 and April 30, 2020 as timely if they were filed by May 1, 2020. Accordingly, we will proceed to Williams' second issue on appeal.

Williams contends that the PCRA court erred when it did not appoint substitute counsel after he alleged PCRA counsel's ineffectiveness. Williams' Br. at 3. He argues that because it was his first PCRA petition, he was entitled to effective counsel throughout the entirety of his PCRA proceeding. *Id.* 12-13. Williams first raised PCRA's counsel's ineffectiveness in response to the court's Pa.R.Crim.P. 907 dismissal notice in his First Motion to Amend. He

alleged that PCRA counsel was ineffective for failing to review his list of witnesses and failing to assert trial counsel's ineffectiveness in not calling the witnesses at trial. Williams asserts that once he objected to the court's Rule 907 notice and raised claims of PCRA counsel's ineffectiveness, he was entitled to new counsel since his allegations "created a substantial and irreconcilable conflict in the attorney-client relationship[,]" as counsel cannot argue their own ineffectiveness. *Id.* at 13. He requests that we remand for the appointment of substitute counsel to prosecute the ineffectiveness claims. *Id.* at 14.

A PCRA petitioner may raise PCRA counsel's ineffectiveness "at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021). "In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims." *Id.* at 402. However, where there are material facts at issue concerning claims challenging counsel's effectiveness and relief is not plainly unavailable as a matter of law, a remand is appropriate to the PCRA court "for further development of the record and for the PCRA court to consider such claims as an initial matter." *Id.*

Here, we cannot resolve the question of whether PCRA counsel's alleged ineffectiveness entitles Williams to relief on the present record. A remand is therefore in order. Williams made his claim that PCRA counsel was ineffective in response to the Rule 907 notice, in his *pro se* First Motion to Amend. That was his first opportunity to do so. When he asserted PCRA counsel's

ineffectiveness, a conflict was created with PCRA counsel such that new counsel should have been appointed. *See Bradley*, 261 A.3d at 398. Although Williams' *pro se* filings vaguely assert the nature of the witnesses' new testimony, he made those allegations without the assistance of counsel to which he was entitled. Accordingly, we remand for the appointment of new PCRA counsel for investigation and assessment of Williams' claim and for further development of the record. The PCRA court shall then consider whether the claim as developed entitles Williams to relief, in the first instance. *See id.* at 401.

Order denying PCRA petition vacated. Case remanded for appointment of new counsel within 15 days of the date of this memorandum, with leave to file an amended PCRA petition within 60 days after appointment. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2022