J-S40030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK T. FRIES | : | |
| | : | |
| Appellant | : | No. 762 EDA 2023 |

Appeal from the PCRA Order Entered March 13, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-4483-2015

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED SEPTEMBER 17, 2024**

Patrick T. Fries ("Fries") appeals from the order dismissing his timely first Post Conviction Relief Act ("PCRA") petition.[1] Consistent with the recent decisions by our Supreme Court and this Court in **Commonwealth v. Greer**,[2] we vacate and remand for a **Grazier**[3] hearing to confirm Fries's decision to proceed *pro se* and consider Fries's *pro se* claims that his current counsel was ineffective.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Commonwealth v. Greer**, 287 A.3d 879, 2022 WL 11514559 (Pa. Super. 2022) (unpublished memorandum) ("**Greer I**"), *rev'd*, 316 A.3d 623 (Pa. 2024) ("**Greer II**"), *opinion following remand*, --- A.3d ---, 2024 WL 3766085 (Pa. Super. Aug. 13, 2024) ("**Greer III**").

[3] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

The parties are familiar with the facts and procedural history of this appeal, and in light of our disposition, we forgo a detailed summary of the facts. Briefly, a jury found Fries guilty of rape of a child, aggravated indecent assault of a child, and indecent assault—complainant less than thirteen years of age, and the trial court sentenced him to fifteen to thirty years of imprisonment. Following the denial of Fries's post-sentence motions and the filing of a direct appeal, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal.

Fries filed a timely *pro se* PCRA petition, and the PCRA court appointed current counsel ("PCRA counsel") to represent him.[4] PCRA counsel filed an amended petition.[5] The Commonwealth filed a motion to dismiss the amended petition, which the court adopted in its Pa.R.Crim.P. 907 notice of its intent to the dismiss the amended petition. Fries did not respond to the Rule 907 notice, and the court dismissed the amended petition on March 13, 2023. Fries filed a counseled notice of appeal and Pa.R.A.P. 1925(b) statement, and the court filed a responsive opinion.[6]

---

[4] The trial judge retired before Fries filed his *pro se* PCRA petition, and the PCRA proceedings were assigned to a new jurist.

[5] Three months before PCRA counsel filed the amended PCRA petition, Fries file a *pro se* motion for new appointed counsel, asserting that PCRA counsel communicated with him only once, by letter, in the three years after Fries filed his *pro se* PCRA petition. The PCRA court took no action on this motion.

[6] PCRA counsel untimely requested an extension of time before filing a late Rule 1925(b) statement. The PCRA court granted the request for an extension
*(Footnote Continued Next Page)*

PCRA counsel subsequently filed an advocate's brief in this appeal. Fries also filed, from prison, *pro se* correspondence, which this Court regarded as *Jette*[7] materials and forwarded to PCRA counsel. *See Jette* Letters, 6/29/23 and 7/26/23, at 1 and Attachments.[8] PCRA counsel then filed a motion to withdraw in the PCRA court, which the PCRA court purported to grant. *See* Fries's Application for Appointment of Counsel, 11/21/23, at 1 and Attachments. In response, Fries filed in this Court another *pro se* motion for the appointment of new counsel. *See id*. However, because our review of

_____

of time and addressed the merits of the issues raised in the Rule 1925(b) statement. We will not find waiver based on PCRA counsel's late Rule 1925(b) statement. *See Commonwealth v. Presley*, 193 A.3d 436, 441 (Pa. Super. 2018).

[7] *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 (Pa. 2011) (holding that the proper response to any *pro se* pleading by a court is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion; noting, moreover, that once the brief has been filed, any right to insist upon self-representation has expired); *but see Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) ("we hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"); *Commonwealth v. Stahl*, 292 A.3d 1130, 1135 (Pa. Super. 2023) (noting that a petitioner "who wishes to assert claims that PCRA counsel was ineffective can request to have new counsel appointed to permit the assertion of such claims or can seek to represent himself" (internal citations omitted)).

[8] Fries's first set of *pro se* correspondence was post-marked on June 26, 2023, the same day PCRA counsel filed his advocate's brief. This correspondence included a *pro se* motion for the withdrawal of the appeal and a remand for the appointment of new counsel. *See Pro Se* Motion, 6/26/23, Introduction (hereinafter, "First *Pro Se* Motion"). This Court received the second set of *pro se* correspondence in July 2023, in which Fries, *inter alia*, renewed his request for new counsel and criticized the quality of PCRA counsel's advocate's brief. *Pro Se* Motion, 7/10/23, at ¶ 5 (hereinafter, "Second *Pro Se* Motion").

Fries's previous *pro se* motions revealed that he alleged PCRA counsel's ineffectiveness, this Court struck the PCRA court's order allowing PCRA counsel to withdraw. Citing **Bradley**, we noted that we would address Fries's *pro se* claims of PCRA counsel's ineffectiveness as part of this appeal. **See** Order, 762 EDA 2023, 12/12/23, at 1 and n.1.

Subsequently, our Supreme Court clarified the "procedures by which an appellate court should enforce the mandate, set forth in [**Bradley**], . . . where . . . represented petitioner seeks to raise **Bradley** claims against his current counsel while his petition is pending on appeal." **Greer II**, 316 A.3d at 625. In **Greer**, the PCRA court denied Greer's first counseled PCRA petition, and Greer's most recent PCRA counsel still represented him when he appealed to this Court. **See id**. Before filing a brief in this Court, Greer's counsel filed an application for remand and outlined Greer's intended claims that counsel himself was ineffective when litigating Greer's petition. **See id**. at 626. This Court deferred consideration of the application for remand to a merits panel and directed PCRA counsel to file a merits brief. **See id**. The merits panel of this Court, citing **Bradley**, then concluded that: Greer intended to raise claims of his current counsel's ineffective assistance; those claims were "more than boilerplate;" and Greer was entitled to new counsel to assist in developing his claims against his current counsel. **Greer I**, 2022 WL 11514559, at *2. We therefore vacated the order denying PCRA relief and remanded for further proceedings. **See id**.

The Pennsylvania Supreme Court granted the Commonwealth's petition for allowance of appeal, and reversed this Court's decision. **See Greer II**, 316 A.3d at 625.[9] Our Supreme Court concluded that this Court erred in requiring Greer's PCRA counsel to file a merits brief. The **Greer II** Court reasoned that an appellate court "should not [be] placed in the position to respond to hybrid representation" and instead should remand, pursuant to **Grazier**, for a hearing to clarify a petitioner's rights to counsel and intention to proceed *pro se*. **See id**. at 629-31. The Court acknowledged that the record, in some instances, may be sufficient to allow for an appellate court to dispose of any newly-raised ineffectiveness claims against current PCRA counsel, but indicated a preference for allowing the PCRA court to address such claims where "there is any question about the merit of the newly-raised ineffectiveness claim." **Id**. at 631 nn. 4-5; **see also id**. at 630-31 ("The PCRA court should have the first opportunity to address factual and legal claims. An appellate court's proper role is to review the PCRA court's decision for an error of law or an abuse of discretion") (internal citations and footnote omitted).

Following our Supreme Court's remand, this Court, in **Greer III**, vacated the PCRA court's order denying relief and remanded for further proceedings. **See Greer III**, 2024 WL 3766085 at *3 & n.2. Applying **Greer II**, this Court crafted its mandate as follows:

---

[9] In seeking allowance of appeal, the Commonwealth asserted that this Court should have addressed the issues raised in Greer's PCRA counsel's merit brief before remanding the matter. **See Greer II**, 316 A.3d at 627.

[W]e now vacate the PCRA court's order and remand this case.[fn2] On remand, the PCRA court shall conduct a **Grazier** hearing, to include "an on-the-record colloquy with [Greer] about his right to counsel, his inability to proceed through hybrid representation, and how he wishes to proceed." Following that hearing, the PCRA court shall conduct other proceedings, as necessary, to assess any ineffectiveness claims [Greer] wishes to pursue against [his PCRA counsel].

> [fn2] We conclude that vacating the PCRA court's order is necessary under the specific circumstances of this case. In [PCRA counsel's] application for remand, he indicated that [Greer] wishes to argue that counsel acted ineffectively by failing to properly develop, and/or preserve for appellate review, certain issues at the PCRA hearing. As the PCRA court could conclude that a new hearing is warranted, and/or decide that other relief is required, we must vacate its underlying order to reinstate the court's jurisdiction to take such action as it finds necessary.

***Id***.

Following our review, and mindful of the holding and preferences set forth in **Greer II**, and implemented in **Greer III**, we vacate the PCRA court's order dismissing Fries's PCRA petition and remand, pursuant to **Grazier**, for a determination of Fries's "rights and wishes." **Greer II**, 316 A.3d at 631; **Greer III**, 2024 WL 3766085 at *3. The PCRA court shall also consider Fries's claims of PCRA counsel's ineffective assistance. **See Greer II**, 316 A.3d at 630-31 & nn. 4-5; **Greer III**, 2024 WL 3766085 at *3.

We acknowledge that PCRA counsel here did not file an application for remand, nor did this Court direct PCRA counsel to file a brief after receiving Fries's *pro se* allegations of PCRA counsel's ineffective assistance. **Compare Greer II**, 316 A.3d at 629, **with** *supra* at 3-4 and n.8 (discussing the procedural history of this appeal and Fries's filing of *pro se* materials in this

Court on the same day PCRA counsel filed his brief). Nevertheless, the procedures in **Greer** and the present appeal raise similar concerns regarding hybrid representation and the possibility of piecemeal appellate review, given Greer's filing asserting the ineffectiveness of PCRA counsel on the same day PCRA counsel filed his brief. **See Greer II**, 316 A.3d at 629-31.

We emphasize that this Court has reviewed Fries's newly raised claims against PCRA counsel and determined that there remain questions about the merits of those claims that necessitate these further proceedings. **See Greer II**, 316 A.3d at 631 & nn. 4-5; **cf**. **Greer III**, 2024 WL 3766085 at *3 n.2 (emphasizing that a remand was necessary for the PCRA court to make determinations about the alleged ineffectiveness of PCRA counsel because the PCRA court could decide the issues warrant an evidentiary hearing). Thus, this Court will relinquish jurisdiction to permit the PCRA court to take any further action it finds necessary to resolve all outstanding claims. **See Greer III**, 2024 WL 3766085, at *3 & n.2. This Court's Prothonotary shall transmit copies of the *pro se* documents labelled as **Jette** materials and the appellate briefs to the PCRA court along with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/17/2024